STANLEY BOTSFORD *vs.* FRANK A. WALLACE.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In a former action between the same parties the plaintiff sought to establish his right to a passway, alleging that he had acquired a legal title thereto by deed. The conveyance relied upon did not include the right of way, and parol evidence to supply the omission, offered by the plaintiff, was excluded and judgment rendered for the defendant. *Held* that such judgment was no bar to an action to reform the deed so as to make it include the alleged right of way, the two causes of action being radically different.

One who buys land knowing that his grantor has orally agreed to convey certain rights of way therein to a third person, may be compelled by a court of equity to abide by such agreement.

In the former action the plaintiff admitted the defendant's allegation that there was "no written agreement" to release or convey any rights of way. *Held* that this did not preclude him from proving an oral agreement to that effect and the defendant's knowledge thereof.

Aiming at simplicity, the Practice Act has discarded the technical formalities of common-law pleading and has followed in the main the practice in equity. Accordingly, in ordinary cases brought upon a single cause of action, or one founded on a transaction which

Botsford *v.* Wallace.

may give several causes of action not clearly distinguishable from each other, the old rules of equity procedure are to be followed, and all matters of fact, involved in the defense, combined in a single answer divided only by paragraphs.

For the tortious erection of a building upon land of another the latter has adequate remedy at law.

A claim for an injunction against the continued maintenance of a building is not barred merely because it was erected pending the suit.

Whenever pecuniary compensation for any of the alleged grievances would or might be a more appropriate remedy than the equitable relief demanded, or might be awarded as an alternative to such relief, an amendment claiming damages may properly be allowed.

By filing a substituted complaint the plaintiff loses his right to a review of a ruling that the original one was insufficient.

Argued June 14th—decided August 1st, 1899.

SUIT to reform a deed and for an injunction, brought to the Superior Court in New Haven County and tried to the court, *Roraback, J.*, upon the plaintiff's demurrer to the answer of *res judicata;* the court overruled the demurrer, sustained the answer and rendered judgment for the defendant, and the plaintiff appealed for alleged errors in the rulings of the court. *Error, judgment set aside and cause remanded.*

A demurrer having been sustained (*Prentice, J.*) to the original complaint, a substituted complaint was filed, stating this case : —

The plaintiff was a grantee of land in Wallingford by deed from Lewis A. Young. Young's title came from Lorenzo Lewis, by a deed containing a certain provision as to a twenty foot wide back yard and a ten foot passway.* The plaintiff had refused to buy of Young, unless Young could get a conveyance from Mary E. Lewis, the successor in title to Lorenzo Lewis, which would assure Young and his assigns against any interference with their use of this twenty foot space to build on, or of the passway. Young told this to Mary E. Lewis, and she thereupon agreed to convey to him an absolute right of way over said passway. The conveyance was drawn and executed on December 17th, 1883, but

---

* This and the other deeds in question are described in the report of *Botsford* v. *Wallace*, 69 Conn. 263.

Botsford v. Wallace.

the scrivener, by mistake, omitted to include the right of way, though he informed both parties to the deed that it was thereby conveyed, and such was their intention. Young thereupon gave the plaintiff a warranty deed of the premises bargained for, including the right of passway. The plaintiff at once put up an expensive brick building on the land, occupying part of the twenty foot space, and extending to within one foot of the passway, and deriving a large part of its light on the south side from the passway; which passway he has ever since used daily, under a claim of right. In 1890, Mary E. Lewis sold to the defendant the land covered by the passway, he having full notice of all the foregoing facts. He thereupon refused to allow the plaintiff to use the passway, or to join in rectifying the error in the deed of 1883, and since the commencement of this action has erected a permanent building, covering the passway and also part of the plaintiff's land adjoining thereto, which wholly prevents light and air from entering the first story windows on the south side of the plaintiff's building; and he intends to maintain said building.

The claims were for (1) a reformation of the deed of 1883 and (2) an injunction against obstructing the passway, or (3) the plaintiff's said windows, and (4) against erecting or maintaining a building upon land of the plaintiff and adjoining said windows.

A demurrer was filed to the fourth prayer for relief, because there was remedy at law, and also because the building was already erected; and sustained (*Roraback, J.*) on the latter ground.

An answer was then filed specifying three separate defenses. The first was *res adjudicata;* based on the judgment in the former cause between the same parties reported in 69 Conn. 263. The second was mainly a series of denials, fortified as to certain points by a repetition of the claim of *res adjudicata.*

The third defense set up that the plaintiff, before the defendant's purchase, had built on most of the south half of the twenty foot space, and fenced up the residue of it, so as

to exclude the defendant's grantors from any use of it, and the plaintiff had no right to a passway at the time of said purchase.

A demurrer to the first and third defenses was overruled (*Roraback, J.*), and leave granted to amend the complaint. Thereupon the plaintiff filed an amendment by adding as a fifth claim for relief, "$5,000 damages." This amendment the court disallowed, and thereupon rendered judgment for the defendant.

*Henry G. Newton*, for the appellant (plaintiff).

*John W. Alling* and *Oswin H. D. Fowler*, for the appellee (defendant).

BALDWIN, J. In the former action between these parties (*Botsford* v. *Wallace*, 69 Conn. 263), the plaintiff asserted in his complaint a legal right to the passway in question by virtue of a paper title, under sundry conveyances from Lorenzo Lewis, Mary E. Lewis, and Lewis A. Young. The decision was that he had no such right. He also sought upon the trial to affect the construction of the deed of December 17th, 1883, from Mary E. Lewis to Lewis A. Young, by evidence of an oral agreement on her part to convey thereby a right to use the passway, notwithstanding anything that might be done in building on the twenty foot back yard, and that she so agreed because Young told her that otherwise the plaintiff would not buy of him. The decision was that the deed could not be thus varied by parol.

The main object of the present action is to reform the deed of December 17th, 1883, by making it what the parties to it intended it should be ; the averment being that the defendant bought with notice of the plaintiff's equity.

In one suit the plaintiff declared that he had a legal title ; in the other he declares that he has none, but that the defendant is equitably bound to give him one.

These causes of action are radically different, and the demurrer to the " first defense " should have been sustained.

The "third defense" rested on the legal effect of the deed from Lorenzo Lewis under which the passway was originally created. The complaint alleged an agreement on the part of Lewis' successor in title to surrender any reserved rights and make the right to use the passway absolute and unconditional. If there was such an agreement, and the defendant purchased with notice, equity would require him to abide by it, and the fact that the plaintiff had no legal title would be the very reason why he should be given one by order of court. There was also error, therefore, in overruling the demurrer to this defense.

It is urged that in the pleadings in the former action the defendant set up in his rejoinder that he was a purchaser without notice, and that the plaintiff, by not denying this allegation, admitted its truth, and so is precluded from now raising the same question again. Such would be the case, if the questions were the same. But the averment thus admitted to be true was that there was "no agreement in writing between Lewis A. Young and Mary E. Lewis" for her releasing her right to use the twenty foot space, so as yet to leave the right to use the passway in full force in favor of Young and his assigns; and that the defendant bought without notice of "any such agreement." The present action counts on no agreement in writing, but on notice of one resting in parol, evidence of which was properly excluded in the former suit.

The division of the answer into three separate defenses, each entitled as a separate piece of pleading, was unnecessary. Our Practice Act has more resemblance to the English Judicature Act than to the codes of civil procedure of most of the States of the United States. Its great object was simplicity. With this view it discarded the technical formalities of pleading at common law, and followed in the main the practice in equity. Each party is to tell his story in plain and concise terms, and to divide it into short paragraphs. General Statutes, § 880. The denial of any paragraph, containing a material allegation, constitutes an issue of fact. No issue is to be joined on a demurrer. Practice Book, p. 17, § 12. Different and distinct causes of action, if joined in one suit, should be

set out in separate counts, and in such case matters of defense appropriate to one of them only are to be separately pleaded. Ib. § 8; *Craft Refrigerating Machine Co.* v. *Quinnipiac Brewing Co.*, 63 Conn. 551, 563. But in ordinary cases brought upon a single cause of action, or one founded on a transaction which may give several causes of action not clearly distinguishable from each other, the old rules of equity procedure are to be followed, and all matters of fact, involved in the defense, combined in a single answer, divided only by paragraphs. *Freeman's Appeal*, 71 Conn. 708.

An answer in chancery often contained matters in avoidance, some of which were untrue and others impertinent or insufficient. The defendant could except to the latter and deny the former. He had no right to ask for a separation between them, so that those of each description should be grouped into a separate and single defense or piece of pleading. However advisable, in early days of English history, it might have been to divide up legal pleas in this way, so as to narrow the issue to a single point easily to be comprehended by a jury, the courts of chancery saw no occasion for embarrassing their own procedure by such artificial refinements. They preferred to have the parties state their case in the natural way. Any point of law which might thus appear could be taken up separately and, if disclosed on the face of the bill, would properly be raised by a demurrer; but such a demurrer rarely ran against the whole pleading.

The present practice in the Chancery Division of the High Court of Justice, under the orders of court resting on the Judicature Act, is even simpler. No demurrer is allowed. If either party disagrees with the other as to the legal effect of an allegation in the "statement of claim" or "statement of defense," he asks to have the point of law thus raised set down for argument. Its disposition may simply clear the way for a trial of the facts, or it may control the judgment. Thus, in a case arising soon after the promulgation of the. Orders of Court of 1883, by which demurrers are abolished, the plaintiff alleged that the defendant held certain lands under a devise absolute in terms, but really subject to a secret

trust which was void under the law of mortmain. He there-
fore sued as the heir of the devisor to enforce a resulting
trust. The "statement of defense" (a single piece of plead-
ing) was, first, that there was no secret trust, and, second,
that if any, it was valid under a certain statute of 43 George
III. The plaintiff had the point of law thus raised set down
for argument. It was decided against him, and thereupon
final judgment was rendered for the defendant. *O'Brien* v.
*Tyssen*, L. R. 28 Ch. Div. 372. It is these principles of equity
pleading that our Practice Act has preferred to the rigid and
artificial methods of the common law. General Statutes, § 877.

We have given this explanation of their application at
greater length than might otherwise have seemed necessary,
had not the present case been one of several which have
recently come up on appeal, in which the provisions of the
Practice Act have been disregarded in a way indicating a
radical misapprehension of their purpose and effect in unifying
and simplifying all pleadings in civil actions.

In the case at bar it was claimed in defense, that by exclud-
ing the defendant's grantors from any use of the twenty foot
back yard, the plaintiff had destroyed his right of way, if any
he ever had ; that this had been decided in the former case ;
and also that several of the averments in the complaint were
untrue. In one sense these are several and separate defenses.
In another, they are one general answer to the plaintiff's case,
and as such they could be most simply presented and most
conveniently considered if grouped together, under suitable
paragraphs, in a single and otherwise undivided statement.

There was no error in sustaining the demurrer to the fourth
claim for relief. If the defendant had placed a building on
land of the plaintiff, there was adequate remedy at law. This
was not the particular ground upon which it was sustained,
but it was properly presented and supports the judgment.

That the building had been erected pending the suit was
not, of itself, any bar to a claim for an injunction against its
continued maintenance. *Enfield Toll Bridge Co.* v. *Hartford
& N. H. R. Co.*, 17 Conn. 40, 65.

There was error in disallowing the amendment adding a claim

for damages. It is true that for a wrong committed pending the suit, by building upon the plaintiff's land, they could not properly be awarded. *Woodbridge* v. *Pratt & Whitney Co.*, 69 Conn. 304, 334. But if he had built upon his own land, in such a way as to infringe the rights of the plaintiff by darkening his windows and obstructing his passway, it might be that pecuniary compensation would be a remedy more appropriate than an injunction to compel the removal of the structure, or one that might be given as an alternative to that.

The plaintiff lost any right to a review of the ruling that the original complaint was insufficient, when he filed his substituted complaint. *Goodrich* v. *Stanton*, 71 Conn. 418, 424.

There is error, the judgment is set aside, and the cause remanded with directions to vacate the order disallowing the addition of the fifth claim for relief, and to allow the same, and to reverse the orders overruling the demurrer to that part of the answer contained in the first and third defenses.

In this opinion the other judges concurred.