## WILLIAM H. GOODRICH vs. GEORGE ALFRED.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Rulings in respect to a complaint for which another has been substituted can furnish no ground of appeal, inasmuch as the substitution operates as a withdrawal of the original pleading.

After the time fixed by the rules of court for filing a "substituted" complaint" had expired, the defendant consented to such filing. *Held* that the consent related to and waived only the question of time—not the legal sufficiency of the pleading.

Unless the common counts or some of them are an appropriate general statement of the plaintiff's demand, their use constitutes an original and substantial defect which no bill of particulars, amendment, or substituted complaint can remedy; and such supplemental pleading, if disclosing on its face this misuse of the common counts, will be stricken from the files upon motion.

The common count for goods sold and delivered is not an appropriate general statement of the right of action acquired by an assignee of the vendor for the unpaid balance of the purchase price, and of the violation of his right by the vendee's refusal to make payment to him.

After striking out the plaintiff's complaint the trial court may properly grant a nonsuit, if no other or further pleading is filed by him within a reasonable time.

A plaintiff cannot be said to have consented to a judgment against him, merely because he recognized that such a result was the only logical conclusion possible in view of the earlier rulings of the court.

Argued June 23d—decided August 1st, 1899.

ACTION originally upon the common counts, brought to the Court of Common Pleas in New Haven County where

two substituted complaints filed by the plaintiff were successively stricken out by the court, first by *Studley, J.*, and later by *Hubbard, J.*, upon motion of the defendant; subsequently the plaintiff was nonsuited by the court, *Hubbard, J.*, for failure to file a bill of particulars or proper substitute complaint, from which judgment he appealed for alleged errors in the rulings of the court. *No error.*

Twenty-six days after the first "substituted complaint" was struck from the files, which was several months after the suit was returned to court, the second "substituted complaint" was filed, as follows:—

"WILLIAM H. GOODRICH } Court of Common Pleas, New
         v.                        } Haven County, the 28th day of
  GEORGE ALFRED        } February, 1899.

"SUBSTITUTED COMPLAINT."

"1. On or about July 1st, 1892, Beulah Shanley, acting through John W. Shanley, her agent, entered into an agreement with the defendant to sell and deliver to the defendant, at the freight depot of the Naugatuck Railroad Company, in Bridgeport, Connecticut, one farm engine, valued at two hundred and fifty dollars ($250); and the defendant at the said time agreed with the said Beulah Shanley, through the said agent, to deliver to the said Beulah Shanley, in part payment therefor, certain cattle, to wit, five cows, valued at one hundred and fifty dollars ($150), and to pay the said Beulah Shanley a balance of one hundred dollars ($100).

"2. Subsequent to the making of said agreement, to wit, on July 10th in said year, and in pursuance of said agreement, the defendant delivered to the said Beulah Shanley, the said cattle.

"3. Subsequent to the making of said agreement, to wit, on September 6th in said year, the said Beulah Shanley delivered to the defendant, at the freight depot of said railroad company in the said Bridgeport, said farm engine.

"4. Subsequent to the delivery of said farm engine, and on or about December 1st in said year, the said Beulah Shanley accepted from the defendant an inspector or engine pump,

and allowed the defendant a credit of five dollars on said account.

" 5. The cattle referred to in the first and second paragraphs of this complaint were represented by the defendant to be free from all ailment, and perfectly gentle and orderly in every way.

" 6. Said cattle were not as represented by the defendant, but were disorderly and unruly, and caused the said Beulah Shanley great trouble and expense, and were not of more than fifty dollars value.

" 7. On July 30th, 1898, the said Beulah Shanley made an assignment of said claim to the plaintiff, in trust for the benefit of John W. Shanley, her husband.

" 8. On said day notice of said assignment was given and request for payment made to the defendant by Caleb A. Morse, acting as attorney for the plaintiff.

" 9. Yet though said sum is justly due to the plaintiff from the defendant the defendant has never paid the same.

" The plaintiff claims four hundred dollars damages."

The defendant had previously on the same day filed in court his consent " to the filing of a bill of particulars, amendment, or substituted complaint, as provided for by Rule II, § 1, of the Practice Act, by the plaintiff."

This substituted complaint was struck from the files on motion, as setting forth a new cause of action, inconsistent with the common counts, and in favor of an assignee not alleged to be the actual, *bona fide* owner of the chose in action, and because the common counts were not a general statement of the cause of action thus pleaded.

A month later, no further amendment, bill of particulars, or other pleading having been filed by the plaintiff, the defendant moved for a judgment of nonsuit, and thereupon, " the plaintiff's counsel being present, and stating to the court that he had no objection thereto," such a judgment was rendered.

*Caleb A. Morse* and *Nehemiah Candee*, for the appellant (plaintiff).

*George E. Hall*, for the appellee (defendant).

BALDWIN, J. The order striking the first "substituted complaint" from the files could furnish no ground of appeal after the second "substituted complaint" had been put in. *Goodrich* v. *Stanton*, 71 Conn. 418, 424.

The latter was filed by consent, but the consent manifestly referred only to its being received after the regular time fixed by the rules of court.

It sets up a claim for money due to one Beulah Shanley, for goods sold and delivered to the defendant, and states that this claim was assigned before the bringing of the action by her to the plaintiff, in trust for her husband, of which the defendant had due notice.

The cause of action originally declared on was a sale to the defendant by the plaintiff. That stated in the second substituted complaint was a sale to the defendant by a third party, who had not been paid the full purchase money, and had assigned his claim for the balance due to the plaintiff, who, after due notice to the defendant, had demanded payment and met with a refusal.

A cause of action consists of a right belonging to the plaintiff, which has been violated by some wrongful act or omission of the defendant. *Wildman* v. *Wildman*, 70 Conn. 700, 708. Had Beulah Shanley brought this suit, that part of the common counts relative to sales would have been an appropriate general statement of the nature of her demand; but it was not an appropriate general statement of the right of one to whom she had assigned her claim, and of the violation of this right by a refusal to make payment to him. The plaintiff's use of the common counts was therefore unwarranted by the rules under the Practice Act, and could not be helped out by allowing him to file a supplemental complaint for a wrong of which his original complaint contained no suggestion. Practice Book, p. 12, Rule II, § 1.

The defect in the proceedings inhered in their origin, and was substantial. The "common counts" of the Practice Book would be demurrable, except for the provision in the

rules of court to the contrary. *New York Breweries Corporation* v. *Baker*, 68 Conn. 337, 343. Whoever uses them does so at the peril of failing in his action, unless one or more of them were appropriately used as a general statement of his cause of action. If his bill of particulars, or amended complaint, shows on its face that this is not the case, a motion to strike it from the files is the appropriate remedy. A demurrer addresses itself to a pleading which (however defective or insufficient it may be) is properly in court.

It is to be observed that no motion was made for a change in parties.

The parties to a suit are made by the writ or process, not by the complaint or pleading. Had the plaintiff sought leave to amend his writ by adding to the name " William H. Goodrich," the words " trustee for John W. Shanley," and then his complaint by alleging that he was, as such, the actual, *bona fide* owner of the claim of Beulah Shanley, a different question might have been presented. General Statutes, §§ 886, 889, 981; *Merwin* v. *Richardson*, 52 Conn. 223, 235; *McDonald* v. *Ward*, 57 id. 304.

It is contended that as the assignee of a non-negotiable chose in action can, under certain circumstances, sue in his own name on the common counts for money had and received, the same rule should apply to a demand for goods sold and delivered. This claim overlooks the distinction between suing on a contract, and suing on a subsequent transaction flowing from the contract. Thus the assignee of a non-negotiable note, by our common law, must sue on it in the name of the payee, but if the maker has paid it to a third party, who claimed to be the owner, can bring suit in his own name against the latter. *Camp* v. *Tompkins*, 9 Conn. 545, 552. In the case at bar the demand is by the assignee of the right of action for the purchase price of goods sold and the breach of a special contract.

Ample time having been allowed after the supplemental complaint had been stricken out, for filing any other proper statement of the plaintiff's claim, and none having been pre-

sented, there was no error in granting a nonsuit. Practice Book, p. 16, Rule IV, § 1.

It was not, however, a judgment rendered by consent. By the statement of the plaintiff's counsel that he had no objection to its entry, obviously no more was meant than that as the substituted complaint had been struck from the files, and that set forth his real case, a judgment against his client was the only logical conclusion to which the court could come from the premises which it had adopted. Those premises being correct, the judgment must stand.

There is no error.

In this opinion the other judges concurred.