JOHN L. MITCHELL vs. MARY E. WRIGHT SMITH.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The trial court may well refuse to permit the amendment of a defective
  plea in abatement, the only purpose of which is to prevent the court
  from determining on its merits a cause properly before it.
A general exception to a ruling based upon three distinct grounds is in-
  sufficient on appeal if any one of the grounds is sound.
When an answer adjudged insufficient on demurrer is voluntarily re-
  placed by another, the former drops out of the case and prevents
  the defendant from thereafter challenging the correctness of the
  ruling upon it.

Argued June 18th—decided July 23d, 1901.

ACTION to recover the amount of two promissory notes,
brought to the District Court of Waterbury where the de-
fendant pleaded in abatement; the court, *Cowell, J.,* sustained
the plaintiff's demurrer to the plea, whereupon the defend-
ant answered over, alleging coverture, and the plaintiff de-
murred to this plea, also; the court, *Bradstreet, J.,* sustained
the demurrer, and the cause was afterwards tried to the court,
*Cowell, J.,* and judgment rendered for the plaintiff, from which
the defendant appealed for alleged errors in the rulings of
the court. *No error.*

After the demurrer to the plea in abatement had been filed,
the defendant moved for leave to amend, which was denied
by the court (*Cowell, J.*).

The answer did not state in words any admission or denial,
but merely alleged that the defendant was married prior to
1877 and ever since had remained married. A demurrer
to this answer was sustained. The defendant filed a new
answer, denying each allegation of the complaint. After
trial to the court and judgment for plaintiff, the defendant
appealed.

The errors assigned are : (1) In refusing to allow the de-
fendant to amend her plea in abatement; (2) in sustaining

the plaintiff's demurrer to the defendant's plea in abatement;
(3) in sustaining the plaintiff's demurrer to the defendant's
answer of coverture.

*Susan C. O'Neill*, and *Isabella M. Pettus* of New York, for
the appellant (defendant).

*Samuel A. Davis*, for the appellee (plaintiff).

HAMERSLEY, J.    Pleas in abatement must be filed on or
before the opening of the court on the day following the re-
turn day of the writ.    Rules of Court, p. 13, § 12.    Igno-
rance of a cause of abatement will not justify filing a plea
after the time limited.    *Huntley* v. *Holt*, 59 Conn. 102, 105.
The plea cannot be amended after the time for filing has ex-
pired, except by leave of court.    Granting such leave is a
matter of discretion, never to be exercised favorably unless
an allowance of the amendment would really serve the ends
of justice.    *Brockett* v. *Fair Haven & W. R. Co.*, 73 Conn.
428, 431.    Ordinarily, when the allowance of any amendment
is within the discretion of the trial court, its action will not
be reviewed; and in those instances where it may be reviewed,
an order of disallowance will not be set aside unless this court
is of opinion that the amendment should have been allowed.
*Moran* v. *Bentley*, 71 Conn. 623, 628, 629.

Assuming that the action of the trial court in the present
instance may be reviewed, we are not of opinion that the
amendment should have been allowed.    The reason of our
very liberal and broad statute permitting amendments of
pleadings at any stage of the trial is, that a party may fail to
state the real ground that will save him in his cause, and that
the amendment will serve to settle the cause on its actual
merits; such reason does not generally apply to amendments
of pleas in abatement, and clearly not to the one now before
us.    The settled and salutary rule which requires courts to
show little favor to pleas in abatement, will often forbid an
amendment which might properly be allowed if offered in the
case of a plea to the merits.    *Esdaile* v. *Lund*, 12 Mees. &

Mitchell *v.* Smith.

Wels. 606, 614. The instances are few where the court can properly allow an amendment to a plea in abatement, unless the matter so pleaded might also be pleaded in bar.

In the present case the defendant's plea sets up a doubtful and harmless informality in the certificate of the magistrate issuing the writ, and a clerical error of the officer who served it, in copying the original writ, by which the copy named the return day as the first Tuesday in April instead of the first Tuesday in May. Either return day is in law a proper one, and the defendant was not in fact deceived, but appeared as required by the writ. She has lost nothing by the informality, nor by the mistake alleged. The plea did not contain a prayer for judgment, and for this reason was undoubtedly bad. *Coughlin* v. *McElroy*, 72 Conn. 444, 448. After the plaintiff had demurred because there was no prayer for judgment, and because the grounds alleged were insufficient to abate the writ, the defendant asked permission to amend her plea by stating a prayer for judgment.

It is patent that to allow this amendment (which the defendant has no right to make) for the sole purpose of preventing the court from determining on its merits a cause properly before it, cannot really serve the ends of justice.

The trial court based its decision on these grounds: (1) That it had no power to permit such an amendment; (2) that pleas in abatement were not favored; and (3) that the want of a prayer for judgment was a defect of substance and therefore not amendable. The defendant excepted generally to this ruling and decision. The second ground being sound, a general exception to all was insufficient to support the appeal. The first and second reasons of appeal are insufficient. The third reason of appeal is immaterial.

When the original answer was held insufficient, the defendant might either have declined to answer over or have moved for leave to amend. Instead of this, she filed a new answer which was simply a general denial, and went to trial upon it. This waived any right thereafter to except to the ruling upon her first answer. When a demurrer is overruled, and the party demurring pleads over, he retains his right of

appeal. *Hunter's Appeal*, 71 Conn. 189, 198. But if a pleading to which a demurrer is sustained is voluntarily replaced by another, the substituted answer takes the place of the original one, which thereafter (unless the substitution was required by the order of the trial court) drops out of the case as fully as does a complaint for which another is substituted. *Goodrich* v. *Stanton*, 71 Conn. 418, 424; *Boland* v. *O'Neil*, 72 id. 217.

There is no error.

In this opinion the other judges concurred.