JOHN H. BURKE *vs.* ALVIN H. WRIGHT ET AL.

Second Judicial District, Norwich, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

No finding of facts or further action of the trial judge is necessary to
 properly present the question of the correctness of a ruling upon
 demurrer; and therefore an appeal to review such ruling must be
 taken within ten days after the rendition of the judgment, as pre-
 scribed by statute (Rev. 1902, § 791), unless such time is duly ex-
 tended.

If an application to extend the time is granted or refused, the order in
 reference thereto should be communicated to the clerk and minuted
 by him on the files or record of the cause.

In the present case the trial judge was requested to make a finding,
 and took and held for some weeks a proposed finding, both of which
 were absolutely unnecessary to the appellants' right of appeal.
 *Held* that this could not in itself be regarded as an extension of the
 time for filing an appeal.

When returning the proposed finding to the clerk, the trial judge re-
 marked to counsel for the appellants that no finding was necessary
 and that he would "now have one week in which to perfect the
 appeal." *Held* that this casual remark appeared to be merely an
 expression of opinion, and at all events ought not to be construed
 as an order of court extending the time for taking an appeal.

The voluntary filing of an amended answer after the original one has
 been adjudged insufficient on demurrer, operates as a waiver of the
 defendant's right to except to the ruling sustaining such demurrer.

Argued April 28th—decided June 4th, 1903.

APPEAL from a judgment of the Court of Common Pleas
in New London County, *Noyes, J.,* in favor of the plaintiff,
to which the appellee filed a plea in abatement, on the ground
that the appeal was not seasonably taken. *Plea sustained
and appeal dismissed.*

*Seneca S. Thresher,* with whom were *John H. Barnes* and
*Roderick M. Douglass,* for the appellants (defendants).

*Frank T. Brown* and *Jeremiah J. Desmond,* for the ap-
pellee (plaintiff).

TORRANCE, C. J. The plaintiff in the court below brought an action against the defendants upon a written lease. To the answer filed in that action the plaintiff demurred, and the demurrer was sustained. The defendants then voluntarily filed an amended answer, to which the plaintiff demurred, and that demurrer was also sustained. No further answer was filed, and thereupon the court, on January 17th, 1903, rendered judgment in favor of the plaintiff. On January 24th, 1903, the defendants filed a notice of appeal from that judgment to this court. The appeal was filed and allowed on March 26th, 1903; and the plea in abatement is based upon the claim that the appeal was not filed within the time allowed by law.

The statute (Rev. 1902, § 791) provides that "if no finding of facts or further action of the judge be necessary to present properly the questions in the cause, the party appealing shall, within ten days from the rendition of such judgment," file with the clerk an appeal in writing, and give security for prosecution, as required by law. It further provides that the trial judge may, for cause shown, extend the time for filing and perfecting the appeal.

The plea in abatement alleges, in substance, (1) that no finding of facts or further action of the trial judge was necessary to present properly the questions in said cause; (2) that no appeal in writing from said judgment to this court was filed within ten days from the rendition of said judgment, nor was any such appeal filed except the one filed on the 26th day of March, 1903; and (3) that the trial judge did not extend the time for filing such appeal.

The answer denied the first and third of the above allegations, and then set up the following facts, in substance: that after final judgment was rendered the defendants gave notice of appeal, and believing that a finding of facts or further action of the judge was necessary to properly present the questions in the cause, they requested the judge, in writing, for such a finding, and lodged said request with the clerk, with a proposed finding; "that said judge held such request and proposed finding in his possession until March 20th,

1903, when he returned the same to the clerk, and said to the defendants' counsel that he did not think any finding necessary, and the defendants then perfected their appeal, to wit, on March 26th, 1903." To the facts thus set up in the answer the plaintiff demurred.

Before the argument in this court the parties, through their counsel, agreed in writing that when the proposed finding was returned to the clerk the judge said to counsel for the defendants: "You will now have one week in which to perfect your appeal." This was done to avoid sending the issue of fact raised by the answer to the plea in abatement (as to whether or not the time for filing the appeal had been extended by the judge) to be tried under the rule.

By voluntarily filing an amended answer after the demurrer to the first answer was sustained, the defendants waived their right to except to the action of the court in sustaining the demurrer to the first answer; *Mitchell* v. *Smith*, 74 Conn. 125; and if the demurrer to the amended answer was properly sustained, there was no error in the judgment rendered; so that the only question which, upon the record before us, the defendants could possibly raise upon appeal from that judgment, was whether the demurrer to the amended answer was properly sustained.

Upon this state of facts it is clear that, after judgment rendered, no finding of facts or further action of the judge was necessary to properly present that single question before this court. Clearly, then, an appeal in this case could be taken only within ten days from the date of judgment, or within some extension of that time allowed by the judge. As the appeal was not taken within ten days from the date of judgment, the question is whether it was taken within an extension of that period allowed by the judge; and the answer to that question depends upon the answer to the controlling question whether the judge made or allowed any such extension. No order for any such extension appears of record anywhere; but the defendants contend that what the judge did and what the judge said, as admitted by the pleadings and stipulation of counsel, constituted, in legal effect,

an extension of the time for filing an appeal.   In cases like the one between these parties in the court below, the statute says that the judge "may, for due cause shown, extend the time" for filing an appeal.   This implies that the judge, before he extends the statutory period for appeal, shall find, upon hearing after notice if necessary, that due cause exists for making such extension; and that the order extending or refusing to extend the time shall be communicated to the clerk and be minuted by him, in writing, upon the files or records of the case.   This, certainly, is the safe and orderly method of procedure in such cases.   Orders of this kind ought not to be left in the air, nor committed solely to the custody of "slippery memory."

Whether in all cases of this kind evidence of the making or existence of such an order should be confined exclusively to the written memorial thereof, it is not necessary here to decide; for, upon the admitted facts and evidence in this case, we think it ought not to be held that the judge did extend the time for filing the appeal.   The fact that the judge took the proposed finding and kept it till March 20th, 1903, cannot of itself be regarded as in legal effect an extension of the time for filing an appeal.

The request for a finding, and the proposed finding, were both absolutely unnecessary to the defendants' right to appeal, and court and counsel must, upon the record, be charged with knowledge of that fact.   They both knew that what the judge did or might do with these unnecessary papers could not in any way affect the defendants' right to appeal, and that the judge was under no duty to act upon the proposed finding, or to inform counsel for the defendants that the proposed finding, or further action of the court, was necessary or unnecessary to their right of appeal.

It is, however, strongly insisted that what the judge said to counsel for the defendants, after he handed the papers back to the clerk on the 20th of March, 1903, was in legal effect an extension of time for filing the appeal.   Assuming, without deciding, (1) that the judge could then exercise the power to extend the time, and (2) that the evidence agreed

to is admissible upon the question as to whether he did then exercise it, we think that such evidence fails to show that he extended or intended to extend the time for filing an appeal. It does not appear that due cause existed for such extension; indeed the record shows that no such cause existed. What the judge said does not appear to have been communicated to the clerk, or to the opposing counsel, nor does it appear that . the judge intended that it should be communicated; and no entry of what he so said was made anywhere by anybody. The words attributed to the judge, read in the light of the circumstances under which they were uttered, appear to be nothing more then an expression of opinion that, by law, the defendants had still one week left in which to take an appeal; but whatever other construction may be given to them, we think it would be very unreasonable to hold that by them the judge extended or intended to extend the time for filing the appeal.

The plea in abatement is sustained and the appeal is dismissed.

In this opinion the other judges concurred.