ENOCH L. GOODALE *vs.* JOHN ROHAN.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The allowance of an amendment of the pleadings during the trial of the cause is a matter resting in the sound discretion of the trial court, whose action will be reviewed on appeal only where it appears from the record that such discretion was improperly exercised.

A party who fails to request the court to order separate verdicts upon distinct and independent causes of action, waives his right to object to a general verdict.

Argued April 13th—decided June 14th, 1904.

ACTION to recover the amount of a promissory note and also for work and labor done and money expended for the defendant, brought to the City Court of New Haven and tried to the jury before *Tyner, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Edward J. Maher* and *Charles C. Spreyer*, for the appellant (defendant).

*Charles S. Hamilton*, for the appellee (plaintiff).

HALL, J. The complaint in this action contains two counts. The first count is upon a promissory note of the defendant for $100, dated August 20th, 1897, and payable to the order of the plaintiff three months from date. The second count consists of the common counts. The bill of particulars under the second count contains charges against the defendant for work and labor, and cash, on different dates from 1898 to 1901, amounting to $160, and also items of credit on different dates from March, 1897, to April, 1900, amounting to $162.25. The only answer to the first count is that the note therein described was an accommodation note, given without any consideration. The answer to the second count is a general denial, and a second defense of payment. The reply denies the answer to the first count, and the answer of payment made to the second count.

It appeared at the trial that there was an indorsement of a payment of $25 upon the back of the note described in the first count.

After the plaintiff had introduced his evidence in support of the allegations of both counts and had rested his case, the defendant moved to amend his pleadings by substituting an answer of payment for his answer to the first count. Upon objection by the plaintiff, the court, " seeing no sufficient ground for allowing said motion, denied the same."

The jury by their verdict found " the issues for the plaintiff," and that the plaintiff should therefore recover of the defendant $106 damages. The judgment upon the verdict was " that the plaintiff recover of the defendant the sum of $106 damages, and his costs taxed at ———."

In his reasons of appeal to this court the defendant claims, among other things, that the court erred in refusing to permit him to amend his answer by pleading payment to the first count, and in not rendering judgment in his favor upon the second count of the complaint.

The defendant was not entitled, as a matter of absolute right, to amend his answer during the trial of the case. The allowance of the amendment, at that time, was a matter

resting in the reasonable discretion of the trial court. *Gulliver* v. *Fowler*, 64 Conn. 556, 565.

The record fails to show that that court exercised such discretion improperly. If the jury found all the charges upon the bill of particulars proved, it is evident from the amount of the verdict that the defendant received the benefit not only of the payment of $25 indorsed upon the note but also of the full amount of all the payments credited upon the bill of particulars, excepting the excess of $2.25 of the credits above the charges.

If the reason of the defendant's motion to amend his answer was that he intended to prove other payments than the one indorsed upon the note and those credited upon the bill of particulars, or to show that all or some of the charges on the bill of particulars should not be allowed by the jury, and that therefore some of the credits upon the bill of particulars should be applied in payment, or part payment, of the note, he should have so stated to the court. From the record before us it does not appear that the trial court erred in holding that no sufficient reason was shown for allowing the the amendment.

The judgment of the court rightly followed the verdict. It could not properly have been in favor of the defendant upon the second count, upon the verdict as rendered. As the only defense to the first count, that the note was without consideration, appears to have been abandoned at the trial, and as the amount of the credits exceeded the amount of the charges in the bill of particulars under the second count, it is very probable that the sum named in the verdict represents only the amount due upon the note, after deducting the $25 payment indorsed upon it; but we cannot say that any injustice has been done the defendant because a verdict was not rendered in his favor upon the second count. If the defendant had requested the court to instruct the jury to bring in separate verdicts upon the two counts, claimed to be for distinct and independent causes of action, it would have been the duty of the court to comply with such request. By failing to make such request the defendant has waived all

objection to the general verdict rendered.　*Morris* v. *Bridgeport Hydraulic Co.*, 47 Conn. 279, 291 ; *Johnson* v. *Higgins,* 53 id. 236, 240 ; *State* v. *Basserman,* 54 id. 88, 93.

There is no error.

In this opinion the other judges concurred.