SIDNEY NOVELTY COMPANY, LIMITED, *vs.* JOHN
J. HANLON ET AL.

Third Judicial District, Bridgeport, April  Term, 1906.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

By voluntarily filing an amended counterclaim for the same subject-
matter, after the first has been adjudged insufficient on demur-
rer, the defendant waives his right to except to such ruling.

A ruling or judgment made with the express and unqualified con-
sent of a party cannot be regarded as adverse to him nor as
affording him a ground of appeal.

Whether the defendant shall be allowed to file a counterclaim after
all the evidence has been heard, is a matter resting in the sound
discretion of the trial court, whose action will be reviewed on
appeal only where a clear abuse of that discretion is shown.

Submitted on briefs April 12th—decided May 3d, 1906.

ACTION to recover for merchandise sold, brought to the
Superior Court in Fairfield County where successive de-
fenses by way of counterclaim were adjudged insufficient
on demurrer (*Roraback* and *Shumway*, *Js.*), and the cause
was afterward tried to the court, *George W. Wheeler, J.;*
facts found and judgment rendered for the plaintiff, and
appeal by the defendants. *No error.*

*John J. Walsh* and *James T. Hubbell,* for the appellants
(defendants).

*Edward M. Lockwood,* for the appellee (plaintiff).

PRENTICE, J.  In this action, to recover upon the com-
mon counts and a bill of particulars, the defendants filed a
counterclaim.  The court sustained a demurrer thereto
and granted leave to amend.  An amended counterclaim
for the same cause of action as the former was thereupon
filed.  The plaintiff again demurred.  Thereupon the at-
torneys for the defendants consented that the demurrer

should be sustained without argument, and in pursuance of such consent the same was sustained. No further pleadings were attempted to be filed until at the time of the trial, about six months later. After the evidence was all in the defendants moved for leave to file a counterclaim differing from any theretofore presented. The motion was denied for the reason that it came too late. These three rulings are in the reasons of appeal assigned as error, and no other assignments are made.

The defendants waived their right to except to the first ruling complained of when they subsequently volunteered to file an amended counterclaim for the same subject-matter as the former. *Goodrich* v. *Stanton*, 71 Conn. 418, 425, 42 Atl. 74; *Botsford* v. *Wallace*, 72 Conn. 195, 202, 44 Atl. 10; *Boland* v. *O'Neil*, 72 Conn. 217, 220, 44 Atl. 15; *Goodrich* v. *Alfred*, 72 Conn. 257, 260, 43 Atl. 1041; *Mitchell* v. *Smith*, 74 Conn. 125, 128, 49 Atl. 909; *Burke* v. *Wright*, 75 Conn. 641, 643, 55 Atl. 14.

The second ruling was made with the defendants' express consent, which was given without reservation or qualification. A judgment or ruling so rendered or made cannot be regarded as adverse; neither can the consenting party be regarded as aggrieved thereby. General Statutes, §§ 788, 802; *Goodrich* v. *Alfred*, 72 Conn. 257, 43 Atl. 1041; *Farrell* v. *Waterbury Horse R. Co.*, 60 Conn. 239, 21 Atl. 675.

In denying the motion for leave to file the counterclaim, the court was acting in the exercise of the discretionary power vested in it. *Goodale* v. *Rohan*, 76 Conn. 680, 681, 58 Atl. 4; *Botsford* v. *Wallace*, 69 Conn. 263, 272, 37 Atl. 902. Error will not be imputed to such action unless a clear abuse is shown. *State* v. *Willis*, 71 Conn. 293, 313, 41 Atl. 820; *Goodale* v. *Rohan*, 76 Conn. 680, 58 Atl. 4. There is nothing in the facts of this case to suggest an abuse.

There is no error.

In this opinion the other judges concurred.