FRED M. ARNOLD vs. MORRIS KUTINSKY ET ALS.

First Judicial District, Hartford, March Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

An averment which is wholly unconnected with any other allegation in the complaint is irrelevant and mere surplusage.

A complaint alleged (1) that the defendants had agreed between themselves in writing to buy, sell, and deal in tobacco; (2) that the plaintiff had sold and delivered a large quantity of tobacco to the defendants; (3) that by reason thereof the defendants became indebted to the plaintiff in the sum of $5,500; and (4) that said sum had not been paid. *Held* that the first averment, having no connection with the others, was mere surplusage; and that the rest of the complaint stated, in substance, a good cause of action.

By voluntarily filing an amended complaint after the original has been adjudged insufficient on demurrer, the plaintiff waives his right to object to the adverse ruling.

Parties cannot, by stipulation between themselves, require this court to volunteer an opinion on a question of law which is not presented by the record.

The fundamental rule of the Practice Act requires the material facts to be stated so plainly and truthfully as to expose and make certain the inferences of law which the pleader claims should be drawn therefrom.

Argued March 3d—decided April 14th, 1908.

ACTION to recover for a crop of tobacco alleged to have been sold to all the defendants, brought to the Superior Court in Litchfield County where successive demurrers to

the substitute and amended complaint, filed by all the defendants except Case, were sustained (*Reed* and *Curtis, Js.*), and judgment rendered for the defendants, from which plaintiff appealed. *Error and cause remanded.*

This appeal is taken simply for error apparent on the face of the record. The portions of the judgment record claimed as showing error, are, in substance, as follows : The action was returnable to the Superior Court on the first Tuesday of September, 1906. On October 2d, 1906, the plaintiff filed a substitute complaint as follows: "1. ·On October 4th, 1905, the defendants, Kutinsky, Adler & Company and Luther M. Case, formed a partnership, under a written agreement, to buy, sell, and deal in, tobacco of the Massachusetts and Connecticut crops of 1905, of which agreement a copy is herewith filed, marked 'Exhibit A.' 2. On February 12th, 1906, the plaintiff sold and delivered to the defendant Case, for and on account of said partnership, a large quantity of tobacco of the Massachusetts crop of 1905, viz., more then ten (10) tons, at the agreed price of eighteen (18) cents per pound. 3. The defendants thereby became indebted to the plaintiff in the sum of $4,000. 4. Said sum has not been paid. The plaintiff claims $5,000 damages."

This complaint was demurred to as defective in substance, because the liability of the defendants was based on the terms of Exhibit A, and it appeared by those terms that the defendants did not form a partnership, as alleged in the complaint; and on March 15th, 1907, the demurrer was sustained on that ground.

On May 3d, 1907, the plaintiff filed an amended complaint as follows: "1. On October 4th, 1905, the defendants entered into a written agreement to buy, sell, and deal in tobacco of the Massachusetts and Connecticut crops of 1905, of which agreement a copy is herewith filed, marked 'Exhibit A.' 2. On        , 1906, the plaintiff sold and delivered to the defendants a large quantity of tobacco of the Massachusetts crop of 1905, viz.,        . 3. The defendants thereby became indebted to the plaintiff in the sum of

$5,500. 4. Said sum has not been paid. The plaintiff claims $6,000 damages."

(Exhibit A is the same document as that mentioned in the former complaint.)

On June 28th, 1907, the court, against the objections of the defendants, allowed this amendment. On November 29th, 1907, the defendants Kutinsky, Adler & Company demurred to this amended complaint for the following reasons in substance: (1) That the alleged liability of the defendants was based upon the terms of Exhibit A; (2) that it appeared by said terms that the agreement, Exhibit A, did not create a partnership between the defendants in the purchase of tobacco from third persons; (3) that the allegations of the complaint did not state with necessary certainty the cause of action sought to be alleged. On February 11th, 1908, the court sustained this demurrer to the amended complaint.

On February 18th, 1908, upon motion of the defendants, and also by the stipulation of the parties, the court rendered judgment for the defendants to recover their costs, and on the same day the plaintiff perfected this appeal. The errors assigned as appearing on the face of the judgment record, are: (1) Error in sustaining the demurrer to the amended complaint; (2) in sustaining the demurrer to the substitute complaint.

*Theodore M. Maltbie* and *Samuel A. Herman*, for the appellant (plaintiff).

*William F. Henney* and *Hugh M. Alcorn*, for the appellees (defendants Kutinsky, Adler & Company).

HAMERSLEY, J. Paragraphs 2, 3 and 4 of the amended complaint are sufficient in substance to state a good cause of action. The trial court, therefore, erred in sustaining the demurrer to this complaint.

The fact that the defendants entered into an agreement between themselves, as alleged in paragraph 1, is wholly

unconnected with any other allegation in the complaint, and, unconnected with any other allegation, it is so entirely irrelevant as to be merely impertinent surplusage; its allegation can have no effect even in respect to the admission of evidence upon the trial of the cause of action stated. No evidence relevant in that cause of action is made inadmissible, and no evidence irrelevant in that cause of action is made admissible, by reason of paragraph 1.

The alleged error of the court in sustaining the demurrer to the substitute complaint cannot be reviewed. If it were an error, exception to it has been waived. The plaintiff, in voluntarily withdrawing one complaint and replacing it by another, escaped an adverse judgment, and also abandoned any claim to a favorable judgment on the complaint so withdrawn. *Chester* v. *Leonard*, 68 Conn. 495, 504, 37 Atl. 397; *Boland* v. *O'Neil*, 72 Conn. 217, 220, 44 Atl. 15; *Mitchell* v. *Smith*, 74 Conn. 125, 127, 49 Atl. 909; *Burke* v. *Wright*, 75 Conn. 641, 643, 55 Atl. 14; *Sidney Novelty Co.* v. *Hanlon*, 79 Conn. 79, 80, 63 Atl. 727.

Parties cannot by stipulation between themselves require this court to volunteer an opinion on a question of law not presented by the record. It appears that on the day on which final judgment was rendered, the clerk of the Superior Court received a paper from the plaintiff, with the consent of the defendants, which stated that "the plaintiff excepts to the decision of the court sustaining the demurrer to the substitute complaint." Whatever may have been the intention of counsel in having this paper printed, it is not a part of the judgment record, and furnishes no excuse for our review of a question not presented by the record.

Our attention has been called in the argument on both sides, as well as through the historical part of the record, to the motive of the plaintiff in burdening his amended complaint with paragraph 1. We cannot speculate as to the motives of the pleader. But this case may serve to illustrate the evil which must result from a failure to obey the fundamental rule of the Practice Act, namely: The

pleader must state the facts deemed material, plainly, clearly and truthfully, and must so state them as to expose and make certain, not to conceal and confuse, the inferences of law he claims should be drawn from these facts. It seems to be conceded by all parties to this case that the real controversy between the plaintiff and defendants is simply this : The plaintiff claims to have sold and delivered goods through negotiations with the defendant Case, under such circumstances and surrounding facts, including a certain written agreement between the defendants, as in law renders all the defendants jointly liable for the price of the goods so sold. There would seem to be no reason why parties desiring to have a fair trial of this controversy might not readily have framed a suitable complaint and answer. A sale through negotiations with Case seems to be admitted as well as the written agreement, but the legal effect of the transaction, and of the agreement as tending to establish that effect, would seem to depend upon facts that are controverted ; and yet the parties appear to have spent eighteen months in attempts to avoid coming to an issue on these controverted facts.

There is manifest error, the judgment of the Superior Court is reversed, and the cause is remanded for further proceedings according to law.

In this opinion the other judges concurred.