THE R. A. SHERMAN'S SONS COMPANY *vs.* THE INDUSTRIAL
AND MANUFACTURING COMPANY ET ALS.

Second Judicial District, Norwich, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

Oral evidence is admissible to show that two written agreements were
in reality but parts of one transaction, and that one was executed
in consideration of the other.

In an action to foreclose a lien for services rendered and material fur-
nished in the construction of a building, the defendant claimed that
the purchase price of certain lots which the plaintiff had agreed to
buy of the defendant, should be credited to the latter, and thus re-
duce the plaintiff's demand. *Held* that while the defendant might
have tendered a deed of the lots in payment, *pro tanto,* of the plain-
tiff's account as that accrued, it could not, while withholding the
land, insist upon a credit therefor.

The refusal to permit an amendment of the pleadings during the trial
of the cause is a matter of discretion, and is reviewable on appeal
only where a clear abuse of that discretion is shown. Moreover the
refusal is harmless, if evidence of all the facts stated in the desired
amendment is admitted under the existing pleadings.

The real consideration of a deed or other written contract may always
be shown by parol evidence.

Argued October 20th—decided December 17th, 1909.

ACTION to foreclose a mechanic's lien, brought to and
tried by the Superior Court in New London County,
*Ralph Wheeler, J.;* facts found and judgment rendered for
the plaintiff, and appeal by the defendants. *No error.*

*Seneca A. Thresher* and *John H. Barnes,* for the appel-
lants (defendants).

*Herbert W. Rathbun,* for the appellee (plaintiff).

RORABACK, J. The plaintiff, on November 7th, 1908,
filed a certificate claiming a mechanic's lien on a factory
building in Mystic, Connecticut. The amount claimed was

$5,311.75 for building materials and labor furnished in the erection of the building.

In November, 1908, the plaintiff commenced an action for the foreclosure of this lien. It was alleged in the complaint that the plaintiff had furnished materials and rendered services in the construction of said factory to the value of $5,311.75 and that no payment whatsoever had been made on account of the same. This action was made returnable to the first Tuesday of December, 1908. The defendants filed their answer January 14th, 1909. The only questions raised by the answer were as to the time when the payment was to be made for the materials furnished, the amount of the plaintiff's claim, and the amount of payments that had been made on the plaintiff's account.

During the trial of the case in March, 1909, after the evidence for the plaintiff had been presented, the defendants moved for permission to amend their answer. The proposed amendment alleged, in substance, that at or about the time of the making of the contract between the plaintiff and the Industrial Company, the plaintiff agreed in writing with that defendant to purchase three certain lots of land therein duly described and pay such defendant $801 for the same as follows: $150 on signing said instrument, and $100 on each of the 14th days of April, May, June, July, and August, and $151 on the 14th day of September, 1908; that at the time of the signing of said instrument the plaintiff paid said defendant $150, according to the terms of said instrument, leaving a balance of $651, which the plaintiff had never paid. The defendants claimed that said sum be allowed and set off against the plaintiff's demand.

The court denied said motion to amend, but admitted all evidence offered tending to show whether the Industrial Company was or was not entitled to credits for the items amounting to $651 for the lots sold to the plaintiff.

It appears by the finding that on March 14th, 1908, an agreement in writing was made and executed by the plain-

tiff and by the defendant Industrial Company, in relation to the sale of three lots of land by the Industrial Company to the plaintiff, for the sum of $801, substantially as stated in the proposed amendment. As a part consideration for the execution of this agreement of March 14th, 1908, the Industrial Company, by another instrument executed at the same time, agreed to publish the name of R. A. Sherman's Sons Company exclusively as builders, in a booklet which the Industrial Company was about to publish, advertising property in Mystic, Connecticut. The plaintiff paid the Industrial Company $150 upon the purchase price of the lots when the agreement in relation thereto was executed. No further payments have been made. The Industrial Company never published the plaintiff's name in a booklet as agreed. No deed of the lots was ever delivered or tendered to the plaintiff.

The court disallowed the defendant's claim for $651, and found the sum of $5,014.55 due the plaintiff.

The defendant Industrial Company had charged in their books of account $651 to the plaintiff for lots claimed to have been sold under the written contract of March 14th, 1908. This amount was claimed as a set off against the plaintiff's demand. As bearing upon these charges, the court was right in admitting parol evidence of the two agreements of March 14th, 1908, that one was executed in consideration of the other, and that they were really two parts of one contract. Two instruments, parts of the same transaction, should be construed together. *New Britain* v. *New Britain Telephone Co.,* 74 Conn. 326, 329, 50 Atl. 881, 1015; *Simonds* v. *Shields,* 72 Conn. 141, 146, 44 Atl. 29. Parol evidence is always admissible for the purpose of disclosing the true consideration of a deed or other written contract. *Collins* v. *Tillou,* 26 Conn. 368; *Post* v. *Gilbert,* 44 id. 9, 18; *Hall* v. *Solomon,* 61 id. 476, 23 Atl. 876. Reading the two contracts together, it appears that the plaintiff agreed to take the lots in part consideration that the In-

dustrial Company would advertise the plaintiff's business in its booklet. This it failed to do. Before $651 could become a proper credit, the plaintiff must have done work to that amount in value on the building, as specified under that clause of the contract relating to the sale of lots. Then it became the defendant's privilege to tender a deed and to close this transaction. But the defendant never did tender it. It has never parted with the land. It has it still. It cannot hold the land, decline a tender, and yet claim the credit of $651.

The refusal to allow the amendment to the answer was a matter resting in the discretion of the trial court. *Sidney Novelty Co.* v. *Hanlon*, 79 Conn. 79, 80, 63 Atl. 727; *Goodale* v. *Rohan*, 76 Conn. 680, 58 Atl. 4; *Gulliver* v. *Fowler*, 64 Conn. 556, 565, 30 Atl. 852. The action of a trial court, in refusing to allow an amendment during the trial of a cause, will not be reviewed upon appeal unless it appears from the record that such discretion was improperly exercised. *Sidney Novelty Co.* v. *Hanlon, supra.* The motion to amend during the trial came so late that its denial was not improper. Neither was the defendant injured by the denial of the motion to amend. It was allowed to offer all its evidence relating to the sale of the three lots under its denial of the allegation in the plaintiff's complaint "that no payment whatever had been made" upon the plaintiff's claim sought to be foreclosed in the action. No greater latitude of proof could have been given under the proposed amendment than was allowed by the court, as the case was tried.

There is no error.

In this opinion the other judges concurred.