[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS OF DEFENDANT HERBERT SCOTT AND MOTION TO AMEND OF PLAINTIFF
In this proceeding, the court is required to decide the merits of a motion to dismiss. The parties have agreed that if the motion to dismiss is denied, the motion to amend should be granted. The motion to dismiss is predicated on the facts set forth below.
Herbert Scott, Esq. as Executor of the Estate of Lincoln Carson was among the many persons summoned to appear as a defendant in this case. The return of Deputy Sheriff Domenic J. Janetty shows that a copy of the writ, summons and complaint was left in Scott's hands on April 30, 1991.
The complaint, however, does not refer to Scott in his capacity of executor or at all. Allegations in the complaint concerning Lincoln Carson are as follows: in the first count, Carson and the numerous other defendants are described as partners in Genvest, a partnership indebted to the plaintiff; in the thirteenth count all the allegations of the first count are incorporated by reference and, in addition, the thirteenth count alleges that Lincoln Carson executed a guaranty agreement whereby he unconditionally guaranteed the payment of Genvest's note and waived notice and demand for payment. A copy of the guaranty agreement with a signature represented as Carson's affixed is attached to the writ, summons and complaint as Exhibit I. The same procedure has been followed with the other alleged guarantors. CT Page 6002
On January 8, 1992, Scott moved to dismiss the case insofar as it purports to state a claim against him as executor or against Lincoln Carson as an individual or against his estate. In the motion to dismiss, the claim is made that the court lacks both in personam and subject matter jurisdiction. Scott's claim of a lack of in personam jurisdiction was, of course, not made within the proper time and thus has been waived. Practice Book 142, 144. A lack of subject-matter, however, can be raised at any time and once raised must be considered. Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, 245-46 (1989).
The motion to amend which the parties agree should be granted if the motion to dismiss is denied recites Lincoln Carson's death, the appointment of Herbert Scott as executor of the estate and the responsibility of Scott, as fiduciary, to use the estate to satisfy creditors of his decedent.
 I.
The question of subject matter jurisdiction appears to have been discussed most recently in State v. Carey, 222 Conn. 299
(1992). Subject matter jurisdiction involves the power in a court to hear and determine the cause of action presented to it. The source of subject matter jurisdiction is the constitutional and statutory provisions by which it is created. Id. at 305.
A review of the relevant constitutional and statutory provisions demonstrates without a doubt that the court has subject matter jurisdiction over this suit involving a debt and a guaranty of its payment. Both Article Fifth 1 of the Connecticut Constitution and Article Twentieth 1 of the amendments to the Constitution state that "[t]he powers and jurisdiction of [the] courts shall be defined by law." General Statutes 51-164s
provides that "[t]he superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute."
 II.
As Scott's claim has been presented, however, it is not that the court lacks the power to determine a suit of this nature. Rather the claim is that Lincoln Carson's death coupled with the failure of the complaint to detail Scott's liability turns the case into a nullity as to him and his decedent. Isaac v. Mount Sinai Hospital, 3 Conn. App. 598, 600 (1985) has been cited for the proposition that an estate has no legal existence and can neither sue nor be sued. Price v. Levine, 14 C.L.T. 45 (1988) has been cited to show that a dead man cannot be sued and his fiduciary cannot be substituted as the defendant after the statute CT Page 6003 of limitations has run. With these cases and the many from other jurisdictions that are in Scott's brief, the court has no disagreement but none of them typify the situation in the present case.
Civil actions are begun by a writ of summons or attachment accompanied by a complaint. General Statutes 52-45a. An executor is a proper party to a suit arising from a debt claimed to be owed by the decedent. See General Statutes 45a-398,45a-400, 52-105. "The parties to a suit are made by the writ or process, not by the complaint or pleading." Goodrich v. Alfred,72 Conn. 257, 261 (1899).
Although it may be said that the complaint does not contain a statement of all of the facts constituting the plaintiff's cause of action, see General Statutes 52-91, there simply is no jurisdictional defect requiring a dismissal of the action against Scott.
 III
The motion to dismiss is denied. The motion to amend is granted.
/s/ Barnett, J. BARNETT