[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S CT Page 2671 MOTION TO STRIKE (#107)
On September 13, 1993, the plaintiff James S. Gorham (hereinafter "plaintiff") filed a four count complaint against the defendant asserting claims of conversion, reformation of contract, unlawful repossession and unfair or deceptive practices, respectively. This case involves a retail installment contract (hereinafter "contract") for the purchase of a vehicle and the subsequent repossession of said vehicle. Plaintiff alleges that plaintiff's father, James T. Gorham, not the plaintiff, signed the contract and that the plaintiff was "given title, possession and control" of the vehicle.
On October 22, 1993, the defendant moved to strike the plaintiff's complaint for failure to join a necessary and indispensable party, pursuant to Practice Book 152(3). Specifically, the defendant argued that James T. Gorham is an indispensable party to the present action, in that the plaintiff's complaint alleges that James T. Gorham, not the plaintiff, is the signatory of the contract. On December 9, 1993, the court, Hadden, J., granted the defendant's motion to strike the plaintiff's entire complaint on the ground that James T. Gorham is a necessary and indispensable party to this action. The court reasoned that "[a]ll four counts of the complaint deal with the consequences of the effectiveness or ineffectiveness of the retail installment contract."
On December 13, 1993, both James S. Gorham and James T. Gorham, as plaintiffs, filed an amended complaint. The amended complaint is materially identical to the original complaint except that both plaintiffs seek reformation of the contract in the second count. James T. Gorham does not seek relief for the allegations in counts one, three or four, which state claims of conversion, unlawful repossession and unfair or deceptive practices, respectively.
The defendant filed a motion to strike plaintiffs' amended complaint on December 29, 1993. The defendant argues in its memorandum in support of the motion that the entire amended complaint must be stricken for failure to properly cite in a necessary and indispensable party, namely James T. Gorham. The defendant further states that the second count seeking reformation of the contract should be stricken for failure to state a claim CT Page 2672 upon which relief can be granted. Finally, the defendant asserts that since James T. Gorham is not named as a plaintiff on the first, third and fourth counts those counts must be stricken for failure to join James T. Gorham, as a necessary and indispensable party. The plaintiffs filed a memorandum in opposition to defendant's motion to strike plaintiff's amended complaint on January 12, 1994.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "[T]he exclusive remedy for nonjoinder of indispensable parties is by way of a motion to strike." Levine v. Police Commission,28 Conn. App. 344, 351, 612 A.2d 787 (1992).
The first claim made by the defendant in its motion to strike is that the entire complaint should be stricken because the procedure used to purportedly join James T. Gorham as a plaintiff failed to follow the statutory and practice book requirements in connection with joining a party.
"The parties to a suit are made by the writ or process, not by the complaint or pleading." Goodrich v. Alfred, 72 Conn. 257, 261,43 A. 1041 (1899). Practice Book 100, entitled "Addition or Substitution of Parties- Nonjoinder and Misjoinder", provides in part that "[n]ew parties may be added and summoned in . . . by order of the court, at any stage of the cause, as it deems the interests of justice require." Practice Book 100. Practice Book 100 is virtually identical to General Statutes 52-108 which states in part that "[n]ew parties may be added and summoned in . . . at any stage of the action, as the court deems the interests of justice require." General Statutes 52-108. Furthermore, General Statutes52-109 states that,
 [w]hen any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff.
General Statutes 52-109. CT Page 2673
It appears to the court that pursuant to the aforementioned statutory provisions, leave of court is required prior to the addition of James T. Gorham as a party plaintiff. Since permission to add James T. Gorham as a plaintiff was not obtained from the court the entire complaint must be, and is, stricken. The motion to strike (#107) is granted.
In view of the ruling of the court granting the motion to strike the entire complaint for failure to properly join James T. Gorham as a plaintiff, it is not necessary to rule with respect to the other claims made in the motion to strike. However, it appears to the court that there is merit to the claim that the second count fails to allege a cause of action seeking reformation of a contract.
William L. Hadden, Jr., Judge