## JANE DOWNIE vs. JOSEPH F. NETTLETON.

New Haven & Fairfield Cos., Jan. T., 1892. ANDREWS, C. J., CARPEN-
TER, SEYMOUR, TORRANCE and FENN, Js.

The act of 1889, (Acts of 1889, ch. 22, sec. 11,) provides that in actions at
law " the plaintiff at any time after the entry of the action, and the
defendant at any time after the answer, may file a motion praying for
a disclosure of facts or production of papers, books or documents ma-
terial to the support or defense of the suit, within the knowledge, pos-
session or power of the adverse party. Held that the statute applies
only where the matter as to which the disclosure is sought pertains to
the case of the party seeking it, and lies within the exclusive knowl-
edge or possession of the adverse party.

The statute was not designed to enlarge the scope of an equitable princi-
ple, but simply to enable a court of law, in administering legal rem-
edies, to exercise a clearly defined power of a court of equity.

[Argued March 2d—decided April 1st, 1892.]

ACTION to recover for the conversion of personal property
by the defendant; brought to the Superior Court in New
Haven County. The defendant filed a motion for a disclo-
sure, to which the plaintiff demurred. The court (*Thayer, J.,*)
sustained the demurrer. The case was then tried to the
court, which made a finding of the facts and rendered judg-
ment for the plaintiff. The defendant appealed. The case
is fully stated in the opinion.

*T. H. Russell*, for the appellant.

*G. D. Watrous* and *E. G. Buckland*, for the appellee.

CARPENTER, J. This is an action for the conversion of
personal property. The defendant in his answer denies that
the goods sued for were the property of the plaintiff. In
his second defense he alleges that he was a deputy-sheriff
for New Haven County; that the goods were the property
of William M. Reynolds, or of his wife, Jessie Reynolds;
and that he took and now holds them under lawful writs of
attachment to him directed for service against said William

VOL. LXI.—38

M. and Jessie Reynolds. The plaintiff in his reply denies that the title to the property is in William M. Reynolds or Jessie Reynolds.

The defendant's counsel then filed a motion for a discovery of facts within the knowledge of the plaintiff, and for the production of papers in her possession; therein alleging that the complaint says nothing as to the nature and origin of the plaintiff's title; that the defendant is unable to ascertain the nature of her claim, and that she refuses to disclose the same; and that she is not a resident of this state. He then alleges that the "defendant is utterly unable properly to prepare his defense to this action, unless he is apprised of the nature and origin of the plaintiff's claim."

In connection therewith he filed seventeen interrogatories, all of which relate to the plaintiff's case, and not to the defense. The plaintiff demurred on the following grounds:— "1. It does not appear that the matters for which a disclosure is asked are material to the defense of the suit.—2. It does not appear that the relief prayed for cannot be obtained in the pending suit.—3. It appears that the interrogatories are merely of a fishing character.—4. The motion is not filed by the defendant nor is the affidavit thereto made by the defendant.—5. The matters as to which a disclosure is sought apply only to the support of the case of the plaintiff."

The demurrer was sustained. The case was then tried on its merits, and judgment rendered for the plaintiff. The defendant appealed.

The first error assigned is, that "the court erred in overruling the claim of the defendant and denying the motion for disclosure." The motion for a disclosure was a proceeding under the statute of 1889, chap. 22. The first section of the act provides that "the plaintiff at any time after entry of action, and the defendant at any time after answer, may file a motion praying for a disclosure of facts, or production of papers, books or documents material to the support or defense of the suit, within the knowledge, possession or power of the adverse party, and such facts, papers, books or

documents being disclosed or produced, may be given in evidence by the party filing such motion." The question turns upon the proper construction of this section of the statute. Has the defendant a right to call upon the plaintiff, in advance of the trial, to disclose the proof which she proposes to offer, verbal and written, in support of her title, and that for the purpose of enabling him to prepare his defense?

The language of the statute, critically considered, gives no countenance to such a claim. The plaintiff can only file his motion after he has stated his case in the complaint and entered his action; and the defendant after he has filed his answer. That seems to indicate that neither can call upon the other to disclose facts, or exhibit books and papers, to enable him to state his case. He must first state his case, and then, if he has reason to believe that he cannot prove it without a disclosure, he may be entitled to it.

But here the plaintiff alleges title in herself. The defendant alleges title in Reynolds. He now calls upon the plaintiff to state facts within her knowledge, and produce books and papers in her possession, not for the purpose of proving title in Reynolds, but for the purpose of showing what proof she has in support of her own title. Surely the statute does not contemplate such a proceeding for such a purpose. If it did, then the plaintiff with equal propriety might call upon the defendant to show his hand. The statute only applies when the case of the party invoking its aid, or some material part of it, is within the exclusive knowledge or possession of the adverse party. That is apparent from the concluding sentence of the part quoted:—" and such facts, papers, books or documents, being disclosed or produced, may be given in evidence by the party filing such motion." This statute is a substitute for sections 1060 and 1061 of the General Statutes. In those sections the party was at liberty to call for such disclosures only " as a court of equity might order on the grounds in such motion stated; and such facts and papers, being disclosed or produced, may be given in evidence by the party filing such motion." In this connection it may be interesting briefly to notice the limita-

tion of the jurisdiction of a court of equity in such matters. We quote from Story's Equity Jurisprudence, Redfield's edition, § 1483: "But that which is emphatically called in equity proceedings a bill of discovery, is a bill which asks no relief, but which simply seeks the discovery of facts resting in the knowledge of the defendant, or the discovery of deeds or writings or other things in the possession or power of the defendant, in order to maintain the right or title of the party asking it, in some suit or proceeding in another court." Also from section 1485: "Another defect * * * is a want of power in the courts of common law to compel the production of deeds, books, writings, and other things, which are in the custody or power of one of the parties and are material to the right, title or defense of the other." And from § 1490:—" Nor has a party a right to any discovery, except of facts and deeds, and writings necessary to his own title, or under which he claims; for he is not at liberty to pry into the title of the adverse party." Citing several cases, including *Haskell* v. *Haskell*, 3 Cush., 540.

" The fundamental rule on this subject is, that the plaintiff's right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material *to his own title or cause of action.* It does not enable him to pry into the defendant's case, or find out the evidence by which that case will be supported. The plaintiff is entitled to a disclosure of the defendant's title, and to know what his defense is, but not to a statement of the evidence upon which the defendant relies to establish it." Pomeroy's Eq. Jur., § 201, and cases cited.

The statute was not designed to enlarge the scope of an equitable principle, but simply to enable a court of law, in administering legal remedies, to exercise a clearly defined power of a court of equity. For these reasons the court did not err in sustaining the demurrer, and denying the motion for a disclosure.

It seems that both parties claim under Reynolds, the plaintiff by purchase, and the defendant by attachment.

On the cross-examination of the plaintiff she was asked—
" Have you any idea what portion of that furniture was
purchased after Mrs. Reynolds came to Guilford and what
was bought before ? " On objection this question was ruled
out, and this is assigned as the second reason of appeal.
We are unable to discover the materiality of this question,
and the defendant's argument and brief fail to enlighten us.

The plaintiff's counsel asked of her the following ques-
tion—," What do you consider the lump sum of your dam-
ages ? " To which the plaintiff answered as follows—" My
damages are $550." Counsel for the defendant objected to
the question and answer on the ground that the plaintiff
could not thus estimate her damages without giving items
thereof. The court overruled the objection, and this is
assigned as a reason of appeal.

It is perfectly apparent that the defendant was not in-
jured by this testimony. The finding with regard to it is as
follows :—" It afterwards appeared from the plaintiff's testi-
mony that this sum was her estimate of her damages based
entirely upon her being deprived of the use of the goods in
conducting a boarding house, and did not include the value
of the property. The court found the facts * * * and ren-
dered judgment for the plaintiff to recover the sum of
$638.90, being the value of the goods ($600,) with interest
thereon to the date of judgment."

The fifth error assigned is, that " the court erred in over-
ruling the claim of the defendant that he was entitled to
judgment in his favor because the property described in
exhibit *B* did not correspond with the property sued for."
Exhibit *B* is the bill of sale to the plaintiff. The claim
made on the trial was that the articles described in the bill of
sale did not appear to correspond with the articles attached.
But assuming that the articles attached and the articles sued
for are substantially identical, the question seems to be whether
the property conveyed to the plaintiff is the property which
was attached. That is purely a question of fact, and has
been conclusively settled by the court below. There is a
strong implication from the pleadings and the judgment that

the property conveyed to the plaintiff and the property attached by the defendant are identical; and the clear import of the finding is to the same effect.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.