Roberts, J.
Motions to strike off interrogatories attached to answer.
The plaintiff alleges in the petition, as the administrator of the estate of Hattie A. Wilcox, deceased, that on July 25, 1906, the /defendant, by its employes, was running a train southerly on its railroad track, approaching a public crossing in Williajnsfield township, at the same time that the decedent was áriYing northerly upon the' highway approaching- said crossing; that while the plaintiff’s decedent was .in the exercise of all- due care,, the defendant so negligently and carelessly ran its said train, without sounding any whistle or ringing any bell' for said crossing, and at such an unlawful and negligent rate of speed that it ran said, train in, upon and against the carriage in which the decedent was riding, whereby she.was instantly'killed.. *354 This action is brought for the benefit of the two children of said decedent.
The defendant has filed an answer to the petition, in which it admits the representative capacity of the plaintiff; that it is a corporation; the location of said crossing; that on said day one of the trains of the defendant running southerly on said railroad track struck the vehicle of said decedent and that she was so injured that she died from the effects of said injury, and that she left surviving 'her the children named in the petition. The answer denies each and every other allegation contained in the petition.
To the answer the defendant has attached certain interrogatories, which the plaintiff is asked to answer. Which interrogatories ■ are as follows: -
“1. What acts of care did the plaintiff’s decedent exercise in approaching the Stanhope crossing at the time of the accident complained of in the petition?
“2. Did the'horse driven by said decedent approach said crossing at the time’of the accident on a walk, trot or run, or otherwise ?
“3. Did said decedent look and' listen for approaching trains before driving upon said crossing?
“4. Did said decedent have full control of her horse at and just previous to driving upon the crossing at the time of the accident ?
“5.. At what speed was the train running at the time of the accident complained of?
“6. What did the unlawful and negligent rate of speed complained of by the plaintiff consist of?
‘ ‘ 7. What .is the maximum lawful rate of speed at which a train may approach and .pass the Stanhope -crossing going south? ° ....
“8. What constitutes unlawful speed of a train in approach: ing and passing said Stanhope crossing?
‘ ‘ 9. What constitutes the acts, of negligence of which the de-. fendant was guilty at the time of the accident complained.,of in the petition?’'’
The plaintiff has filed a motion in which'he moves the court-to strike off the interrogatories attached to the answer, and as *355 reason therefor, says, -that they are impertinent,, incompetent and not within the intent of the statute, because they call for facts not known to the fiduciary plaintiff; that the facts called for are particularly within the knowledge of the defendant’s agents and employes, because it is an attempt to shift the burden of proof on the question of contributory negligence.
No brief has been filed by either the plaintiff or defendant upon this motion. Considerable investigation has been given the question raised by the motion for the reason that the interrogatories invoke a privilege but rarely exercised in this court, and concerning which but few reported cases are found in this, state. The interrogatories are asked by virtue of Revised Statute 5099, which reads as follows:
“ [Interrogatories may he annexed to a pleading.] A party may annex to his pleading, other than a demurrer, interrogatories pertinent to the issue made in the pleadings, which interrogatories, if not demurred to, shall be plainly and fully answered under oath, by the party to whom they are propounded, or if such party is a corporation, by the president, secretary, or other officer thereof, as the party propounding requires.”
So far’ as my knowledge goes, resort has not been had to interrogatories in negligence cases, and as their use would -have an important effect in practice, the issue raised is deemed of considerable importance.
In the case of Chapman v. Lee, 45 Ohio St., 356, Judge Spear, in rendering the opinion of the court says, commencing on page 365:
"Suits for discovery, were, in equity practice, auxiliary proceedings, brought not to obtain .any equitable remedy, nor to establish any equitable right, but .to aid in maintaining a legal right, and in prosecuting actions pending, or to be brought, .in a court of law. If a party could not súcceecl without the aid of 'facts' within the personal knowledge • of his adversary, he might file his bill, setting forth all the facts within his knowledge," and. adding interrogatories -which the other'party was required to answer fully under oath,- No relief beyond the answer desired need be asked, and no decree made, and as soon as the answer was complete'the function’of the equity court *356 ordinarily was ended, but the answer so far as responsive, could be used by either party in the trial at law. We will not be understood as meaining that it was not common for a court of equity, having taken cognizance of a case for one purpose, to retain it for all purposes, and award complete relief though the final remedy was of the kind which might be conferred by a court of law. Such result often followed where discovery was sought as' an incident to equitable- relief, covering the whole controversy. But where a court of law had ample power to award full relief, a court of equity ordinarily refused to take cognizance of the case, and there clearly is more conclusive reason, for such refusal, in a case like the one at -bar, under our present practice. . All the aid which a suit for recovery would give is now given by our code in the case at law itself. The party may attach to his pleading interrogatories which, so far as pertinent, the other party is bound to answer, and those answers may be used by either party as evidence. He may also take the deposition of the opposite party, or put him on the stand as a witness at the trial. The doctrine and rules concerning the subject-matter of discovery, established by courts of equity, are believed to be still in force and to control the same matters in the new procedure, but the bill of discovery, as a separate action, is practically obsolete in this state.”
Here we find defined by our Supreme Court, suits for discovery, the right of a party to invoke such action, to thus ascertain the facts within the personal knowledge of his adversary, and that an answer responsive can be used by either party in the trial at law as evidence. Also the declaration of the Supreme Court that the bill of discovery, as a separate action, is practically obsolete in this state; that it has been superseded by interrogatories provided for in Revised Statute 5099, above quoted $nd that the rules concerning the subject-matter of discovery established by courts of equity are still in force and to control the same matters in the new procedure. It therefore becomes important to determine what the rules of practice were, in the use of bills of discovery, and the rights of parties relating thereto.
An action for discovery is provided for in Section 5293, Revised Statutes, which-reads as follows:
“{Action for discovery.] When a person claiming to have a cause of action, or a defense to an action commenced against *357 him, is unable, without a discovery of the fact from the adverse party, to file his petition or answer, such person may bring his action for discovery, setting forth in his petition the necessity of such discovery, and the grounds thereof, and such interrogatories relating to the subject-matter of the discovery as may be necessary to procure the discovery sought, which, if not demurred to, shall be fully and directly answered under oath by the defendant; and upon the final disposition of the action, the costs thereof shall be taxed in such manner as the court deems equitable.”
Concerning discovery, it is said:
“It must show that defendant is capable of making discovery of the facts sought. The bill should allege that the facts can be proved by defendant. It must also allege that the facts are not within complainant’s knowledge. * * * It can not be maintained to discover matter whereof complainant has the same means of information as has defendant.” 14 Cyc., 313.
“It must show that the facts, discovery of which is sought, are necessary to complainant’s case, and not facts by which his adversary intends to establish his case.” 14 Cyc., 314.
Grounds of pleas to bills of discovery are classified' as follows :
“To the jurisdiction, to the person, to the bill or frame of the bill, and in bar.” 14 Cyc., 318; Story, Equity Pleading, Section 816.
“The examination will not be permitted for'the purpose of ascertaining whether the applicant has a cause of action or defense, or whether he has a cause of action against persons not parties, or to ascertain against which of certain parties he has a cause of action, or to ascertain which of two causes of action he has, or to ascertain the evidence on which the opposite party bases his cause of action or defense, or .to ascertain the names of his witnesses, or for the purpose of aiding the party in the preparation of his case for trial, or to prove matters within the applicant’s own knowledge. So it will not be granted for the mere convenience of the party, nor to establish facts pertinent to the decision of a motion, nor for the purpose of gratifying public curiosity.” 14 Cyc., 342.
*358 Referring to statutory interrogatories, it is said :
“They must be such as could be properly propounded in a bill of discovery. * * * They must be concerning matters material to the issue and to the case of the party filing them. * # * interrogatories must inquire as to matters of fact and not of law.” 14 Cyc., 353.
In -the Cyc. above quoted, a large number of authorities are cited upon the various propositions, to which attention of counsel is invited.
In the case under consideration, the plaintiff prosecutes in a representative capacity, and it is patent that he could have no personal knowledge concerning the accident, that he could only speak, in answer to questions, by hearsay, and as matter of belief, based upon information acquired, from others. From the authority above quoted, it is learned that the party answering must speak from his own knowledge, and this is the rule laid down in our Supreme Court, Chapman v. Lee, supra, in which it is said that' if a party could not succeed without the aid of facts within the personal knowledge of his adversary, he might’ file his bill, etc':' In the same opinion it is said that the answers, when given, become evidence for either side. Certain’y it was not the contemplation of the Supreme Court, in establishing this rule, to disregard the rules of evidence and permit answers to interrogatories to become competent evidence, either for the party answering or for the adverse party, based wholly upon hearsay, given merely as a matter of opinion, and without personal knowledge. It follows, for these reasons, that all questions asked concerning the conduct of the plaintiff and of the defendant, at the time of the accident, are not proper interrogatories and should be stricken off.
This includes question one, which inquires concerning the care exercised by .the decedent in approaching the crossing; question two, as to the gait or speed of the horse; question three, as to whether.the decedent looked and listened for the approaching train; question four, whether the decedent had full control of her horse at the time of and just previous to the accident; question five, as to the speed of the train. The other questions, *359 six, as to what the alleged negligent rate of speed consisted of; seven, what is the maximum lawful rate of speed at which a train might approach a crossing, and eight, what constitutes unlawful speed of a train in approaching said crossing, ask for questions "of fact to be determined by a jury, concerning the rights' and duties of the parties, and do not ask for facts as to what took place at the time of the accident. Furthermore, these questions and all the preceding questions are, from the nature of the transaction, more peculiarly within the -knowledge of the defendant than that of the plaintiff.
Question nine asks what constitutes the acts of negligence of which the defendant was guilty at the time of the accident complained of in the petition. This interrogatory involves a question of pleading not of fact, and if the petition does not sufficiently allege the facts concerning the accident, it would be subject to a motion to make it more definite.
It is further a well-established rule that interrogatories can not properly be asked except concerning matters pertinent to the pleading to which they are attached.
“The interrogatories authorized by Section 105 of the civil code * * * must be confined to matters stated or referred to in the pleadings.
“It was a well-known practice in chancery, borrowed, it is said, from the civil law, to insert in the bills special interrogatories. This was in many cases, highly, beneficial "to sift* the conscience of the defendant. But it was a rule that the interrogatory part should be construed according to the alleging part, and the defendant was not bound to answer-any interrogatories which did not grow out of antecedent matter stated or charged in the bill.” Devore v. Dinsmore, 4 W. L. M., 144.
The first paragraph of syllabus in Downie v. Nettleton, 24 Atl. Rep., 977 (61 Conn., 593), which was an action upon a statute similar to ours, reads as follows:
“Section one, providing that defendant at any time after answer may ask for a disclosure of facts material to the defense and within the knowledge of the adverse party, gives a right to such disclosures only as a court of equity might order, and does not entitle- defendant, in an action for the conversion of personal *360 property, to call for a statement of the facts on which the plaintiff’s claim of title is based.”
In the opinion it is said, page 978:
“The statute' only applies when the case of the party invoking its aid, or some material part of it, is within the exclusive knowledge or possession of the adverse party.”
“That which is emphatically called in equity proceedings a ‘bill of discovery’ is a bill which asks no relief,, but which simply seeks the discovery of facts resting in the knowledge of the defendant, or the discovery of deeds, or writings, or other things in the possession or power of the defendant, in order to maintain the right or title of the party asking it in some suit or proceeding in another court.” Story, Eq. Jurisp., Section 1483.
“The fundamental rule on this subject is, that the plaintiff’s right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action. . It does not enable bim. to pry into the defendant’s case or find out the evidence upon which that case will be supported. The plaintiff is entitled to a disclosure of the defendant’s title and to know what his defense is, but not to a statement of the evidence upon which the defendant rélies to establish it.” Pomeroy, Eq. Jurisp., Section 201.
“The statute was not designed to enlarge the scope of an .equitable principle, but simpiy to enable a court of law, in administering legal remedies, to exercise a clearly defined power of a court of equity.” Downie v. Nettleton, supra.
“Interrogatories presented under Section 155 of the practice act should relate to the case of the party presenting them and not be used for the mere purpose of prying into the case of his adversary.” Wolters v. Trust Co., 46 Atl. Rep., 627 (65 N. J. Law, 130).
In 1 Nash, Pl. & Pr. (5th Ed,), 247, it is said;
‘ ‘ These provisions introduced the practice of seeking discovery in actions at law as well as in suits in equity. The code at first ignored altogether the law of discovery and substituted for it the examination of a party as a witness. These answers to inter *361 rogatories are substituted for a deposition when this course has been pursued. It declares- that on the trial such answer would be used as evidence by either party. If this means that the party answering can use it as evidence, even to matters in his favor which would not be competent if inserted in- a deposition or given orally, then no prudent counsel would advise the filing of interrogatories and it would only be setting a trap to be sprung by an adversary against himself. * † * Lord Campbell, C. J., in Whatley v. Crowter, uses the following language in reference to this matter: ‘What is the interpretation to be put upon that? I think it is to cite an interrogation and say * * * that if questions may be asked on interrogatories which-might be asked if the party was a witness at the trial. I think the interrogatories 'must be confined to matters which might be discovered by a bill of discovery in equity. I adopt the rule in the very terms used by Sir .James Wigram, that the right of a plaintiff in equity to the benefit of the defendant’s oath is limited to a discovery of such material- facts as relate to the plaintiff’s case, and does not extend to a discovery of the manner in which the defendant’s case is to be established, or its evidence which relates exclusively to his case. You may inquire into all that is material to your own case, though it should be in' Common with that of your adversary, but you may not inquire into what is exclusively his ease. The English rule is the reasonable one, that .the party is confined to his own case and has no right to interrogate the opposite party as to what his ease will be, when he may choose to present it.
“Such a construction of the statute would lead to great abuses. Parties would be inquiring as to the evidence of the party in order that he might obviate the effect of it when it should be presented. Each party is to propound his interrogatories- when he files his pleading. The plaintiff with his petition or reply, the defendant with his answer. The case, as it stands when the interrogatories are filed, is the ease pertinent to which the discovery is sought. No evidence is pertinent to the case on the filing of the petition, but the case made in the petition, by evidence supporting the ease of the plaintiff. When the defendant files his answer then the pertinency of the interrogatories are dependent upon the nature of the answer, and interrogatories may be presented on the issue or issues thus made.”
In this- case the plaintiff’s right of action is based upon the alleged negligence of the defendant, and the action must stand or fall accordingly as the defendant may have been or may not have been negligent.
*362 On the trial, the defendant is not required to make a defense until the other side has made a cause of action against it.
The answer of the defendant to which the interrogatories are attached, is in effect a denial of negligence on its part; that is to say, that it was running its train at the time of the accident in a proper manner. The defendant can only make interrogatories, the answers to which are pertinent to that defense, and peculiarly within the knowledge of the plaintiff. All questions concerning the conduct of the plaintiff’s decedent are pertinent only to.the petition and not to the answer, and those which inquire concerning the conduct of the defendant are peculiarly within the knowledge of the defendant and not of the plaintiff.
The rule is well established that the right to make interrogatories may be invoked by a plaintiff when; the facts upon which his right of action are based are not within his knowledge, but within the knowledge of the defendant, and it is essential to a proper presentation of his case that he be in possession of those pertinent facts known only to the defendant.
An examination of cases in which this remedy has been invoked, will disclose the kind of actions to which it is applicable.
Newbury Petroleum Co. v. Weare, 44 Ohio St., 604, was an action by the owner of a certain interest in oil leases, to recover the value of the oil produced applicable to his interest in the lease. Knowledge' as to the amount of oil produced and to which he was entitled to a part, reposed only in the defendant company producing the oil.
Chapman v. Lee, 45 Ohio St., 356, was an action brought by attorneys to discover the terms on which an action had been settled with their • clients, in which by virtue of their contract, they were entitled to a certain proportion, and which information they could only acquire from the defendants themselves.
It has been held that the right to examine the opposite party is eo-éxtensive only with the right to use the deposition of the adverse party; but the question as to whether one party has a right to take the deposition of the adverse party where there-is no reason to apprehend that he will not be present at the trial, where he may be used as a witness, has not been definitely settled in this state. I am not aware that the Supreme Court has made any ruling on this question.
*363 It is held in In re Humphrey, 14 C. C., 517, that in the interest of good practice, fair dealing between parties, and in the interest of justice, neither party should have the right to take the deposition of the other, where the only object is to find out that to which he will testify. Somewhat to the contrary is the holding in In re Hafer, 21 C. C., 445; Smith v. Moore Co., 19 C. C., 617.
While as has been heretofore said, but little use has been made of interrogatories in this case, resort has not been had to their use, so far as my investigation goes, in actions based upon negligence, and it is obvious from their nature, that ordinarily at least,' conditions would be such as to prevent their use under the rules and reasons herein given.
It is held in Rindskopf v. Platto, 29 Fed. Rep., 130, that a bill for discovery in aid of an action at law, can not be maintained where full discovery may be compelled by examination of the adverse party as a witness in the suit at law.
It is alleged in the answer of the defendant “that the decedent, by her. own negligence, contributed directly and proximately to the accident and injury of which the plaintiff complains. ’ ’ By reason of this allegation, it may be claimed that some of the interrogatories are pertinent, as- bearing upon’ the question of contributory negligence, but of what value is such an allegation?
It is suggested that this allegation is not one of fact, but simply a conclusion. The rule formerly prevailed that under such allegation, acts of contributory negligence on the part of the plaintiff might be proved, but the practice now is on motion to require such allegations to be made more definite by specifically stating the facts of negligence complained of.
It has been held by our circuit court that actionable negligence must be alleged before it can be made a ground for recovery. Lake Shore & M. S. Ry. v. Reynolds, 21 C. C., 402.
And in New York, C. & St. L. Ry. v. Kistler, 66 Ohio St., 326, 333, it is said:
“Upon trial the evidence should be confined to the acts of negligence so specifically and definitely averred in the petition;”
A. C. White and E. C. Pinney, for plaintiff.
Hoyt, Munsell Hall, contra.
If, before evidence can be introduced of negligence, in the petition, it must be definitely and specifically stated, why should not the same rule prevail regarding affirmative matter of contributory negligence in an answer, inasmuch as Section 506.6, Revised Statutes, provides:
“The answer'shall contain: * * *
“2. A statement of any new matter constituting a defense, counter-claim or set-off, in ordinary and concise language.”
‘ ‘ If defendant wishes to reply upon the rule that the plaintiff must prove his ease, the general denial would accomplish his purpose. If he intends to go beyond this, and to avail himself, of a defense, notwithstanding that negligence may be proved against him, by showing contributory negligence on- the part of the plaintiff, he must state his facts upon which he relies, from which negligence could be inferred.” McInerney v. Chemical Co., 118 Fed. Rep., 653, 655.
It may be easily preceived that answers to the inquiries propounded in this case would be very convenient to tthe defendant, and perhaps beneficial to its interests in learning, in advance of the trial, the position and evidence of the adverse party •upon various propositions, yet that' desire can not properly be granted, by reason of the rules and authorities cited and the reasons herein given.
The motion is allowed.