## MARION W. HUBERT *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, January Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An appellant cannot challenge the correctness of the trial court's action sustaining a demurrer to his motion for a disclosure, where he has voluntarily replaced that motion, adjudged insufficient on demurrer, with another designed to avoid the objections urged against the first.

A litigant is not entitled to a disclosure respecting matters which are not shown to lie exclusively within the knowledge of his adversary; nor can he be said to have been deprived of the desired information by a denial of his motion, where the matters inquired about were the date and circumstances attending an injury to his own person, which were presumably known to him and about which he testified upon the trial.

The refusal to order a disclosure by the defendant respecting a claim made by the plaintiff the truth of which was practically unquestioned upon the trial, as the jury were instructed, is harmless, since a disclosure, had one been ordered, could have supplied nothing of material importance in this particular.

A charge which repeatedly states in plain and direct language the correct rule as to the burden of proof in a personal injury case, is not to be adjudged erroneous and prejudicial merely because of a single expression which, in order to bear the interpretation placed upon it by the appellant, it becomes necessary to subject to a close process of literary analysis and criticism.

It is sufficient if the charge, taken as a whole, correctly and adequately instructs the jury upon the law applicable to the case before them.

The complaint in the present case contained two counts, one alleging a common-law action for negligence, and the other a liability under the Federal statute applicable to railroads engaged in interstate commerce. *Held* that under these circumstances the trial court properly charged the jury upon the two-fold aspect of the case; and that the instructions given respecting contributory negligence, and the burden of proof relative thereto, were not fairly open to the criticism of being inconsistent and confusing, as urged by the appellant.

An erroneous instruction touching a matter which manifestly could not have influenced the verdict as finally rendered, is harmless.

The defendant introduced in evidence the records of the movements

of its trains and trainmen, as tending to prove its claim that the plaintiff's injury could not have been received as he testified. *Held* that the character and details of these records called for a careful summary of what they purported to disclose, and that in making such summary and in recalling and commenting upon the evidence of the defendant, the trial court did not over emphasize it nor magnify the burden imposed by law upon the plaintiff; nor did it apparently act otherwise than fairly and impartially in its charge.

Under General Statutes, § 756, which authorizes the trial court to return the jury for a reconsideration of their verdict if it judges that they have mistaken the evidence and have brought in a verdict contrary to it, or contrary to their instructions in a matter of law, a wide latitude is afforded for the exercise of the power conferred.

While it is true that the precise date alleged as that upon which the personal injury was received need not be proved, it is nevertheless essential to support a verdict for the plaintiff in such an action, that it should rest upon a finding or conclusion that the accident occurred upon some day respecting which there was testimony before the jury; for otherwise the verdict would be based upon mere speculation or guess, in violation of the broad, general, elementary proposition that no fact can be found without evidence.

Disproving an alleged injury to the plaintiff at the time and place testified to by him, necessarily calls for a verdict for the defendant, in the absence of any evidence of the plaintiff's injury at any other time and place.

In returning the jury to reconsider a verdict for $7,000 for the plaintiff, the trial court instructed them that inasmuch as the time covered by the evidence extended from May 10th to May 16th, it would be necessary for them to find that the accident occurred, if at all, on one of those dates, in order to render a verdict for the plaintiff. *Held* that this instruction was correct, and while more pointed and specific than those previously given did not differ from them in substance and effect.

Argued January 20th—decided March 15th, 1916.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Burpee, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

The complaint contains two counts, whose allegations are precisely alike save that the first contains one

that the plaintiff was employed by the defendant in interstate commerce at the time his injury was received, which was absent from the second. Claims for damages are made under both the Federal statute regulating the liability of common carriers by railroads engaged in interstate commerce to their employees engaged in such commerce, and the common law.

Each count of the complaint, after alleging that the defendant was engaged in interstate commerce, recites that at the time of the plaintiff's alleged injury on May 13th, 1912, changed by amendment from May 14th, 1912, he was at work for it in its Westchester, New York, freight-yards, assisting, by direction of the defendant, in unloading a freight-car loaded in part with barrels, and in carrying the barrels from the car upon his back and shoulders; that one of the barrels, filled with some heavy articles now supposed to be iron chains or rollers, was, by the defendant's direction, placed upon the plaintiff's back and shoulders without statement or warning of its contents; that, by reason of the great weight of the barrel and the plaintiff's ignorance of that fact and of the strain it would place upon him and his consequent unpreparedness, he was borne down and crushed and badly and permanently injured. It is also averred that the plaintiff acted with due care, and that the injury was occasioned through the negligence of the defendant, its officers, agents and employees. The remaining allegations relate to the character and extent of the injury and matters pertinent to the amount of recovery.

The answer denies or puts the plaintiff to his proof of all the allegations of the complaint save that which avers that the defendant was an interstate common carrier by railroad.

The answer having been filed, the plaintiff made a motion for a disclosure by or on behalf of the defendant,

which, after having been twice amended, was successfully demurred to. Thereupon he filed an amended motion covering the same ground and having the same purpose as that already disposed of, but so drawn as to avoid certain of the objections urged to the former motion, and stating with more brevity and precision the interrogatories to which answer was sought and the records and papers whose production was desired. This motion, for the first time, set out the facts showing that the information, which the answers to the interrogatories and the production of the records and papers indicated would supply, was relevant and material to the support of his case, and the reasons relied upon as entitling him to a disclosure. As showing the relevancy of the information sought, the motion recited those allegations of the first count of the complaint which detailed the circumstances under which the plaintiff received his injury, which had been denied. As showing reasons why the motion should be granted, it averred that the plaintiff had no records, papers or documents showing the interstate nature of his employment at the time of his injury, or the point to which the barrel, which caused the injury, was being carried, and no record of its size, weight or contents; that such records, papers or documents were within the exclusive possession and control of the defendant; and that knowledge concerning those matters was its exclusively. The motion contained the following statement of the records, papers, etc., whose production was sought: "1. All way-bills, freight receipts, manifests, office records, and other papers and documents, showing the place where the shipment of said barrel, placed as aforesaid upon the plaintiff's shoulders, was received by the defendant, and the destination of said shipment. 2. The time when the plaintiff stopped work on the morning of May 13, 1912. 3. The last barrel handled by the plain-

tiff before stopping work on said morning. 4. The number of the car in connection with which the plaintiff last worked before stopping work on said morning. 5. The point at which said car was received by the defendant and its destination. 6. All freight receipts, waybills, manifests, office records, and other papers and documents, showing the size, weight and contents of the last barrel handled by the plaintiff before stopping work on the morning of May 13, 1912."

The following were the interrogatories: "First interrogatory. Was the barrel placed upon the plaintiff's shoulders as stated in the foregoing motion consigned to a point outside of the State of New York? Second interrogatory. If so, to what point? Third interrogatory. At what point was said barrel received by the defendant? Fourth interrogatory. At what point was the shipment last handled by the plaintiff before he stopped work on the morning of May 13, 1912, received by the defendant, and to what point was it consigned? Fifth interrogatory. At what point did the defendant receive the last car in connection with which the plaintiff worked just before stopping work on May 13, 1912, and what was its destination? Sixth interrogatory. Did the plaintiff's duties call for his services in connection with shipments, trains, or cars, in the course of transit from points outside of the State of New York or to points outside of the State of New York?"

At the trial the plaintiff, who was the only witness to the circumstances attending his injury, testified that his employment with the defendant was as an extra man working only as called upon; that he was injured on either the 11th or 12th of May, 1912, when he was at work as a brakeman and freight-shifter on a loaded freight-train proceeding from Harlem River in New York, to Stamford in this State; that the train

crew, of which he was a member, was in charge of conductor Stone; that its other members were unknown to him; that on arriving at the Westchester freight-yards at about seven A. M., he, with the other members of the crew under the direction of Stone, were engaged in transferring freight from one car in the train to another for the purpose of consolidating it; and that in the course of this work he was injured in the manner alleged in the complaint. He testified that the barrel, which bore him down and injured him, weighed four or five hundred pounds, and contained, as disclosed by one of its heads coming out in the fall, iron rollers about six inches in length. He further testified that, not realizing at the time the extent of his injury, he continued with the train to Stamford, and returned on a passenger-train to New York, where and when he consulted a physician; that he remained on duty until May 14th; that thereafter he did no work, and was taken to the Lincoln Hospital in New York City on May 19th, having remained under the care of a physician meanwhile. He said that on May 10th he worked, but on a work-train, which carried no freight.

The defendant contended that the plaintiff suffered no such injury, as he claimed, or any similar one while in its employ. On its behalf it produced its records purporting to show the movements of its trains and trainmen covering the period from May 10th to May 19th, and particularly those showing the movements of the plaintiff and conductor Stone, and claimed to have established by them that the plaintiff was not at the claimed place of accident during that time, but was elsewhere in the defendant's employ until May 16th, when he ceased to work.

Dr. Eddy, who participated in an operation upon the plaintiff at Lincoln Hospital, was called as a witness on his behalf. Upon cross-examination he testified

that shortly after the plaintiff was brought to the hospital, he made, in the ordinary hospital routine, statements about his case to one of the senior surgeons now practicing in Utica, New York; that an entry of those statements was made in the hospital records, which he, the witness, had examined and with which he was familiar; that, being unable to obtain the original records of the hospital, he had caused another person to make a copy of them; that he had read and knew the contents of the copy, and was able to say that it was, in general, correct, but that he had not compared it word for word with the original; that he had given this copy to Mr. Beers of plaintiff's counsel. Defendant's counsel then asked Mr. Beers if he would permit them to see it. This request being refused, they read from the New York code of civil procedure provisions which, as they claimed, made the original record privileged in New York State, and that, therefore, it had been impossible for the defendant either to see it or to obtain it or a copy of it by means of a deposition or otherwise, but that the privilege might be waived by the plaintiff. They then called Mr. Beers as witness and asked him to produce the paper described by Dr. Eddy. The witness stated that he had the paper in court, but, after advising with his associate counsel, declined to produce it. Defendant's counsel thereupon asked the court to order its production. This the court refused to do, upon the ground that it had not been established that it was a sufficiently accurate copy of the hospital record to be admissible.

The jury, having reported an agreement upon a verdict for the plaintiff for $7,000, the court returned them to a second consideration, addressing them as follows:—

"Gentlemen of the jury: Before the court accepts this verdict it feels that it ought to say a word more to

you concerning the question which your foreman asked when you came back after the recess this noon, in order that there may be no possibility of any wrong being done; and that relates to your conclusion about the day when this accident happened, if it happened.

"The plaintiff alleged in his amended complaint that this accident happened on May 13th. In his testimony, as I recall it, he said it happened on the 11th or 12th. During the trial, evidence was introduced concerning what took place on the 10th, 12th, 13th, 14th, 15th and 16th of May. And it appeared in the evidence that the plaintiff left his employment on the 16th and went to the hospital on the 19th of May.

"Now, it is not necessary for the plaintiff to prove that the accident occurred on the 13th of May, as he alleged. It is not absolutely material that it should be shown that it occurred on the 11th or 12th of May, instead of the 13th, as he testified. But your verdict must be based upon a finding that the accident occurred upon some day about which testimony has been produced during the trial. Now, the testimony was confined to occurrences upon the 10th, 11th, 12th, 13th, 14th, 15th and 16th of May; and your verdict must be based upon the conclusion that this accident, if any occurred, occurred on one of those days; and that is what the court intended to say to you when it said it must be within a reasonable time. He is allowed a reasonable latitude within which to prove on what day the accident happened, but it must be upon some day—the evidence must show that it happened upon some day about which you have testimony.

"Now, with that explanation in mind, which I feel that I ought to make in view of the possibility of a misunderstanding of the court's charge and the subsequent instructions, I wish you to take your verdict

and retire and consider that matter, and return when you have sufficiently considered that matter, and hand in your verdict as you find it then. That is, I desire you to consider what effect, if any, these instructions would have upon your verdict, and if they have any effect, to make your verdict correspond to the instructions given, both now and heretofore. You may retire again, gentlemen."

The court's previous instructions upon this subject had been in substance that the jury were not confined to finding that the injury complained of had been received by the plaintiff upon the 13th of May, as alleged, or upon the 11th or 12th, as the plaintiff had testified, or upon any particular day, provided the evidence warranted them in reaching the conclusion that he was injured upon some other day,—that they were not confined to any particular day, but that they could not find that the accident occurred upon some day concerning which no evidence had been introduced.

After the return and acceptance of a verdict in favor of the defendant, the plaintiff filed a motion in arrest of judgment and that the verdict be set aside. This motion was based entirely upon alleged errors of the court in not accepting the verdict in favor of the plaintiff first agreed upon, in returning the jury to a second consideration, and in its instructions then given to the jury. This motion was denied and judgment entered upon the verdict as accepted.

Other pertinent facts are sufficiently stated in the opinion.

*John W. Wescott* of Camden, New Jersey, and *George E. Beers,* for the appellant (plaintiff).

*Thomas M. Steele* and *Harrison T. Sheldon,* for the appellee (defendant).

PRENTICE, C. J.   The reasons of appeal challenge
the correctness of the trial court's action in sustaining
the demurrers to the motions for a disclosure; but its
action in sustaining the demurrer to the motion, as
finally amended and perfected, alone calls for considera-
tion.   *Arnold* v. *Kutinsky*, 80 Conn. 549, 552, 69 Atl.
350; *Boland* v. *O'Neil*, 72 Conn. 217, 220, 44 Atl. 15;
*Mitchell* v. *Smith*, 74 Conn. 125, 127, 49 Atl. 909.   Even
as to this, inquiry as to its propriety, in view of the
several objections presented to the motion by the de-
murrer, is rendered unnecessary in the present situa-
tion.   It is sufficient to notice that the plaintiff was
not harmed in any way by his failure to obtain a dis-
closure as to any matter covered by his motion con-
cerning which he was by any possibility entitled to
one.   Counsel in their brief say that all they were
seeking to establish was "the fact as to the interstate
nature of the shipment, the character of the package,
and the date and circumstances of the injury."   This
statement adds one object sought, the last stated, to
those indicated in the motion, and may be safely ac-
cepted as comprehensive.

As to the date and circumstances of the injury, these
certainly were not matters presumed to be exclusively
within the defendant's knowledge.   The plaintiff must
be presumed to have known when and how he was in-
jured, and no reasons are shown why he did not.   His
complaint had already set out these matters with ap-
parent fulness of detail, and upon the trial he, profess-
ing knowledge, testified concerning them.   Any knowl-
edge which the defendant might have had would not,
under ordinary circumstances, be its exclusively, and
the present circumstances were not shown to have been
exceptional in that regard.   It would appear, therefore,
not only that the plaintiff was not deprived of the de-
sired information in support of his case by the failure

to have a disclosure in these particulars, but also that he clearly was not entitled to one, since the facts were not shown to lie exclusively within the knowledge of the defendant. *Downie* v. *Nettleton*, 61 Conn. 593, 595, 24 Atl. 977.

The failure to secure a disclosure of information bearing upon the interstate character of the shipment could have possessed no importance save as it may have deprived the plaintiff of proof of the interstate character of his employment at the time he was injured, and thus as showing that his right of recovery was governed by the Federal Act. The plaintiff testified that he was engaged in the capacity of brakeman and freight-shifter on a train carrying freight and running from the freight-yard of the company in Harlem, New York, to Stamford, Connecticut, when, in the course of that run, he was injured at Westchester, New York, while engaged in the transfer of freight from one car to another upon the train, and that he continued on the train in the performance of his duties to the end of its run at Stamford. There appears to have been no question made by the defendant upon the trial that any injury received by the plaintiff upon its train, as described, was an injury to him while employed by it in interstate commerce and, as such, subject to the provision of the Federal law. It is difficult to discover how under the testimony there could have been. *New York Central & H. R. R. Co.* v. *Carr*, 238 U. S. 260, 263, 35 Sup. Ct. 780; *North Carolina R. Co.* v. *Zachary*, 232 U. S. 248, 259, 34 Sup. Ct. 305; *St. Louis, S. F. & T. Ry. Co.* v. *Seale*, 229 U. S. 156, 159, 33 Sup. Ct. 651. The court practically told the jury that it might be so assumed. Clearly the plaintiff lost nothing in this regard by reason of the absence of a disclosure.

In the matter of the character of the package, the plaintiff professed to have knowledge of the material

facts in that regard, and he testified to its character, approximate weight, and contents. A disclosure could have supplied nothing of material importance in either of these particulars.

Several complaints are made of the charge. One concerns an isolated sentence in the following language taken from one of the defendant's requests: "If you should find, in accordance with the defendant's claim, that the alleged accident never took place, or if you are unable to determine from the evidence, considering it all, whether it ever took place or not—that is, if you are doubtful about it, if you have any doubt, after considering all evidence,—or are unable to determine whether it took place or not, then your verdict should be for the defendant." It is said that the jury were here, in effect, told that the burden of proof was upon the plaintiff to establish the fact of accident beyond a doubt. Assuming that the doubt of which the court here spoke was one which remained, notwithstanding a preponderance of evidence in favor of the plaintiff's contention, and that the language quoted, critically analyzed, bears the construction plaintiff's counsel put upon it, that construction and the deduction drawn from it are neither obvious nor calculated to impress the ordinary listener, but rather are to be arrived at by processes of close literary criticism. The jury had already been told repeatedly, and in plain and direct language, that the only burden upon the plaintiff to entitle him to a verdict was one to support his material allegations by a fair preponderance of proof—clearly explained to mean the better and weightier evidence, and it is scarcely believable that the jury, taking the whole charge together, could have understood their instructions otherwise.

Other complaints addressed to the charge are that the instructions upon the subject of contributory negli-

gence and the burden of proof in that matter were inconsistent and confusing. The complaint presented the case in two aspects, to wit: its common-law aspect, if the Federal statute was not controlling, and its aspect if that statute did govern by reason of the interstate character of the employer and employment. The court followed the example thus set by the complaint, and first dealt with the legal principles applicable to the case as one at common law, and rightfully placed upon the plaintiff, in that event, the burden of showing the absence of contributory negligence on his part as a condition precedent to recovery. It then passed to a consideration of the differences to be observed in the decision of the case and the award of damages if the Federal statute, and not the common law, was to control, as it practically told them that, under the evidence, it did. In this part of its instructions, and in supplemental instructions given when the jury was recalled, the court clearly explained that the fact that the plaintiff's injury was caused by the negligence of a fellow-servant would be no bar to recovery, and dwelt at length upon the provisions of the Federal Act relating to contributory negligence, both in the matter of the measure of damages and the burden of proof. In the supplemental instructions the jury were distinctly told that by the terms of the United States statute the plaintiff was not called upon to prove, as a condition precedent to recovery, that he was exercising reasonable care and that he did not materially contribute to his injuries by his negligence, and that he was not required to assume that burden of proof. Inconsistency between the two portions of the charge there was not. The two counts rested upon different foundations, called for the application of different principles, and required at the hands of the court, if the charge was to be commensurate with the complaint, instructions per-

tinent to each. *Sisson* v. *Stonington,* 73 Conn. 348, 352, 47 Atl. 662. Whatever seeming inconsistency or want of harmony there may have been, and whatever confusion may have arisen, was not the result of wrongful instructions, but of the two-sided case the complaint presented. After the final instructions, given in such a way as to impress them most strongly upon the jury's attention, their minds could hardly have been left in a state of doubt or confusion, harmful to the plaintiff, as to where the burden of proof in the matter of contributory negligence lay.

It is charged that the court erred in telling the jury, under the circumstances of the case, that, if the plaintiff had in his possession records or copies of records procured by him which he was unwilling to produce, they would be entitled to draw an inference unfavorable to him concerning that record, provided they found it contained any testimony which would have been material to, or admissible under, the issues. The contention is, not that this statement was unsound as an abstract proposition of law, but that as respects the situation in this case, to which it was apparently addressed, it was liable to be misunderstood, misapplied and misleading, for the reason that the so-called copy of record, whose nonproduction was involved, was not, as the court itself ruled and held, shown to be a sufficiently accurate copy to be admitted in evidence. Assuming that the instruction was susceptible of this misunderstanding and misapplication, it is manifest that the plaintiff was not in fact harmed by it in view of the verdict of the jury first agreed upon and its subsequent change as the palpable result of the court's instructions, accompanying the return of the jury to a second consideration, which concerned only the matter of dates. Clearly it did not stand in the way of the jury's decision in favor of the plaintiff.

The complaint that the court erred and showed bias in favor of the defendant (1) in over-emphasizing the importance of the defendant's records of the movements of its trains and trainmen, kept in the course of its business, and produced to show that the plaintiff's injury could not have been received as he testified; (2) in reciting, with great particularity, the defendant's evidence; and (3) in magnifying the burden imposed by law upon the plaintiff, is without foundation. The records were of such a character, and dealt with so many details, that a careful summary of what they purported to disclose was not only proper, but necessary, to their understanding by the jury, and we discover nothing in the summary, as made by the court, or in its comments upon the evidence summarized, that was other than fair and impartial. Neither do we discover anywhere in the language used, or in the comments made by the court, anything either indicative of bias on its part or transgressing its clear right of comment. *State* v. *Rome*, 64 Conn. 329, 338, 30 Atl. 57; *Crotty* v. *Danbury*, 79 Conn. 379, 387, 65 Atl. 147; *State* v. *Marx*, 78 Conn. 18, 28, 60 Atl. 690.

The reasons of appeal to which the plaintiff's counsel appear to attach the most importance, are those, several in number, which relate to the action of the court following the jury's report of their agreement upon a verdict for the plaintiff, including its return of them to a second consideration, its instructions then given to them, its subsequent acceptance of a verdict for the defendant, and its refusal to set aside that verdict.

In this connection it is first charged that their return for reconsideration was in excess of the court's authority, since the decision at which the jury had arrived was in strict accord with both the evidence and the instructions which had been given. It is true, as plaintiff's counsel urge, that our statute in terms

limits the power of a court to return a jury for a reconsideration to situations in which the court judges either that "the jury have mistaken the evidence in the cause and have brought in a verdict contrary to it," or that they "have brought in a verdict contrary to the direction of the court in a matter of law." General Statutes, § 756. This limitation, however, it will be noticed, is one which affords a court a wide latitude for the exercise of the power conferred. The limits of that power were not exceeded in the present case. The court was of the opinion, and had reasonable grounds for that opinion, in view of the evidence, that the jury had either disregarded its directions explicitly given to them, that they could not find that the plaintiff had sustained his alleged injury upon some day concerning which there had been no evidence, and without warrant in the evidence in the case, or else had mistaken that evidence. That this opinion was well founded appears quite clearly from the result of the jury's reconsideration, when examined in connection with the instructions which accompanied their return to it.

The real question to be considered, touching the court's action at this point, arises out of these instructions. The appellant claims that they were not only incorrect in themselves, but also inconsistent with those previously given, so that there was a practical refusal to accept a verdict returned in conformity with the earlier instructions, and a practical direction to render one to be reached upon a different basis.

The instructions were correct. Their gist is overlooked in the appellant's criticism. It is to be found in the proposition, twice stated, that the verdict must be based upon a finding that the accident occurred upon some day, bearing upon which there was evidence presented. This was the legal proposition asserted. The

remainder of the court's remarks were but its application to the situation presented by the evidence in the case.

The proposition is certainly a sound one, unless it be that a jury is permitted to render a verdict which has no other foundation than speculation or conjecture. A finding that an accident happened upon a particular day, without evidence of some sort to support it, is a finding upon speculation or guess, or worse. Of course, witnesses may be uncertain or mistaken in the matter of dates, and in their evidence assign wrong ones to events. If, in such case, the evidence in other parts sufficiently indicates that fact, the jury may find the fact to be accordingly. Such a finding is not unsupported by testimony. On the contrary, it is founded upon testimony. A jury may follow the testimony wherever it reasonably leads, but they cannot jump to conclusions which have no support in evidence. The legal principle here given by the court for the guidance of the jury was but the statement of a simple corollary to the broad, general, elementary proposition that no fact can be found without evidence.

In passing upon the propriety of the application of this legal principle to the concrete situation before the jury as the court made it, we need to recall what that situation was. The plaintiff had testified that the accident to him happened upon either the 11th or 12th of May. His employment in the defendant's service, in so far as the testimony of either party showed him at work, was confined to the days from May 10th to May 16th inclusive. There was no testimony indicating that he was ever in the Westchester freight-yards before the 10th, and it was undisputed that he went to the hospital on the 19th, some days after he quit work. There not only was no direct testimony of injury received by him at any other time than between those

dates, but indirect evidence to that effect of every sort
was wanting as well. There were no circumstances
shown which pointed, even remotely, to that situation,
or from which an inference could be drawn that such
was the true state of the case.

In view of this situation, the court was entirely
justified in indicating to the jury the practical conse-
quences, as far as the verdict was concerned, of the
legal proposition it had stated to them in abstract
terms, and in specifically telling them, as it did, that a
consequence of that principle was that they were
limited by the evidence to finding that the plaintiff
was injured upon some day from May 10th to May 16th
inclusive.

Especially is that true in view of the circumstances
surrounding this case, and the character of the defense
interposed, which was in the nature of an *alibi*, that is
to say, that the plaintiff was not at the place of the
claimed accident at the time assigned to it, and, there-
fore, that he could not have been injured as claimed.
The plaintiff is indeed correct in saying that the allega-
tion of time contained in the complaint was not ma-
terial, and that it was permissible for the plaintiff
under it to make proof of another day. His difficulty
here, however, arose not from the pleadings, but from
the fact that the evidence, as presented by the parties,
had made the dates covered by it material, and con-
fined the plaintiff's right of recovery to the occurrences
of some day to which it either directly or indirectly
related. *State* v. *Ferris*, 81 Conn. 97, 100, 70 Atl. 587.
Any other rule would be disastrous to a defendant in
a position similar to that occupied by this one, and
would open a door for escape from a defense like that
it interposed in this case, if reasonably established,
and to an appeal to the jury for a verdict based upon
speculative grounds only. Plaintiff's counsel in their

brief characterize the evidence furnished by the defendant's records as "essentially persuasive in its character so far as those days were concerned," that is, the days from May 10th to May 16th. Their position amounts to this: that the jury should have been told that it mattered not that their evidence had been successfully met and overcome, and that, in spite of that fact, and of the further fact that there was an entire absence of proof of injury at any other time, they were at liberty to find such injury and return a verdict for the plaintiff.

Plaintiff's counsel are quite right in saying that the essential thing they were called upon to establish was the fact of injury, and that the date upon which it was received was an immaterial detail. But they undertook to establish the fact of injury by proof of injury under certain circumstances and conditions, among which were the circumstances of time and place. Those circumstances thus at once became material in a determination of the fact of injury in issue. Disproof of injury at the time and place as testified, in the absence of proof indicating that the claimed injury was received at some other time or place, was disproof which left the plaintiff without proof of the essential fact of injury.

Nor were the instructions given at this time inconsistent with those previously given. The same fundamental and controlling legal proposition was in most explicit terms stated to the jury before their agreement on a verdict. In response to their request for further instruction upon this subject, the court said: "Of course, you must find—in order to find that it did happen, you must find evidence applying to some particular day. You cannot find that the accident happened on some day concerning which no evidence has been introduced." And the same principle was em-

bodied in earlier instructions. The instruction complained of differs from those previously given only in that it made a more pointed and precise application of the controlling rule already given to the jury, and now repeated, to the evidence in the case. The language in which the application is couched is in itself less general and more specific than that used earlier, but the greater generality of the earlier instructions is, after all, in appearance rather than in effect, since the emphatic statement, that there could be no finding that the plaintiff was injured upon some day concerning which there was an entire absence of testimony indicating that he was so injured, was embodied in it to limit and qualify it. In substance and effect the final instructions conform to those previously given.

The conclusions already arrived at afford a sufficient justification for the court's denial of the plaintiff's motion to set aside the verdict and grant a new trial, without inquiry as to the propriety of such procedure to obtain a review and revision of claimed errors of law committed by the court. *Andersen* v. *State*, 43 Conn. 514, 516; *Zaleski* v. *Clark*, 45 Conn. 397, 403; *Etchells* v. *Wainwright*, 76 Conn. 534, 541, 57 Atl. 121.

Two or three other reasons of appeal, relating to minor matters, do not call for discussion. They are without merit.

There is no error.

In this opinion the other judges concurred.