## JULIA WAECKEL
*vs.*
## EVERETT D. CONGER ET AL.

Superior Court        New Haven County        File No. 58082

MEMORANDUM FILED APRIL 19, 1940.

*Vincent P. Dooley,* and *Isadore Chaplowe,* of New Haven, for the Plaintiff.

*Alexander Winnick,* of New Haven, for the Defendants.

CORNELL, J.   The allegations of the complaint describe a cause of action against the named defendants arising out of a collision between a motor vehicle allegedly owned by the defendant Everett D. Conger, but then being used by the latter in performing certain duties in the course of an employment for the defendant, The Mary Oliver Candy Shops, Inc., and a car owned and operated by the defendant, John G. Braun, in which latter the plaintiff was a passenger at the time the collision occurred.

The motion for disclosure led by the plaintiff under the statute (Cum. Supp. [1935] §1659c) and rules of practice (Practice Book [1934] §§72, 73) is in the form of interrogatories as to the defendant The Mary Oliver Candy Shops, Inc., and in part as to the defendant Everett D. Conger; these are intended to elicit information not in the plaintiff's possession, but exclusively in that of the defendants, calculated to reveal whether the legal relationship existing between them at the time of the collision was such that The Mary Oliver Candy Shops, Inc.,

might be held to respond in damages for any negligence of which the defendant Conger was guilty. It has been complied with as the court understands from statements of counsel when the matter was presented, by the defendant, The Mary Oliver Candy Shops, Inc. It is, also, the court's interpretation that the plaintiff does not press a response to that portion of the motion on the part of defendant Conger in view of the answers made by the defendant, The Mary Oliver Candy Shops, Inc.

Under such circumstances, the instant motion is concerned only with whether the defendants Conger and Braun should be required to answer the other interrogatories on file. Those in paragraphs 8 to 15, both inclusive, of the motion directed to Conger, and in their entirety in the motion addressed to defendant Braun, seek information from these defendants descriptive of the manners in which each of them operated their respective vehicles at the time of and immediately before the instant of collision. There is nothing to indicate that this is matter exclusively within the knowledge of such defendants, since the plaintiff was a passenger in the Braun car and there may well be any number of witnesses who observed the conduct of either or both of the drivers at the time, to say nothing of physical facts which may be proved on the trial which may give rise to proper inferences more conclusive than anything that either of the defendant drivers may say. It is evident that the facts sought are not such as can be said to lie exclusively within the knowledge of the defendants to whom the inquiries in question are made, which is reason enough to deny the motion. *Downie vs. Nettleton,* 61 Conn. 593, 595; *Hubert vs. N.Y., N.H. & H. R. Co.,* 90 id. 261, 270. Indeed, the motion smacks of an effort on plaintiff's part to learn in advance of the trial what evidence concerning certain material aspects of the case the defendants propose to confront her with. Such is not the purpose of a disclosure. Cases cited *supra,* and *Katz vs. Richman,* 114 Conn. 165, 171.

Motion denied.