THE TRAVELERS BANK AND TRUST COMPANY v.
LILLIAN E. FURLONG ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 74912

Memorandum filed June 12, 1946.

*Shipman* and *Goodwin,* of Hartford, for the Plaintiff.

*Day, Berry* and *Howard,* of Hartford, and *Robinson, Robinson* and *Cole,* of Hartford, for the Defendant.

COMLEY, J. Under § 73 of the Practice Book a party is entitled to a disclosure of such facts as are "material to the support of the mover's cause of action or defense." The word "material," as used in the rule, is not employed in the sense in which we speak of evidence as being "material." If so, one party could elicit from the other an unlimited quantity of merely evidential matter on a motion for disclosure by merely demonstrating that the facts sought would be admissible in evidence upon the trial of the case.

It seems to me that the word "material" in the rule means more than that. The facts sought must be such as are requisite or essential to the maintenance of the mover's cause of action or defense. See *Peyton* v. *Werhane,* 126 Conn. 382, 389.

The interrogatories in the present motion involve facts which may well be received in evidence on the trial as showing the relationship between the testator and Lillian E. Furlong, but they are not of such importance or significance to the claim of Angela F. Mead as to be the proper subject of a motion for disclosure in advance of the trial.

The motion is denied.