ELIZABETH SUSMAN v. THE HAMDEN CHRONICLE

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 72208

Memorandum filed September 29, 1949.

*Herman N. Horwitz*, of New Haven, for the Plaintiff.

*Curran, DiSesa & Gordon*, of New Haven, for the Defendant.

KING, J. The plaintiff moves for a disclosure of certain records of the defendant. The defendant resists the granting of the motion on two main grounds.

The first ground of objection is that the complaint contains more than one count, and the motion fails to state under which count or counts the information is claimed to be material.

There is nothing in § 74 of the Practice Book, cited by the defendant, which indicates that the motion for a disclosure must state in what way the facts as to which disclosure is sought are material to the moving party's cause of action.

Such a statement is obviously necessary where the materiality is not apparent on the face of the pleadings and motion. *Leon v. Rhodes, Inc.,* 9 Conn. Sup. 47. Otherwise it is not. In this case the materiality of so much of the motion as is hereinafter granted is so apparent. If the materiality is apparent under some one count, it is no concern of the defendant whether the information is material under some other count or counts. It is enough that it is material to an issue properly raised in the complaint.

The second ground of objection is that disclosure may be had of such facts only as are material to the moving party's cause of action; and that "cause of action" refers only to the so-called issue of liability and not to the so-called issue of damages. The defendant then claims that disclosure may not be ordered as to any matter concerned solely with damages.

Such a construction is hypertechnical and contrary to law. 17 Am. Jur. 12, § 14. A cause of action entitling one to nominal damages is generally a thing of little value. It merely vindicates an invaded right. *Parker v. Griswold,* 17 Conn. 288, 303. If the right to a disclosure under Practice Book c. 11 were so restricted, parties would be thrown back to the cumbersome method of equity bills of discovery. *Peyton v. Werhane,* 126 Conn. 382, 386. Such a result is contrary to the underlying purpose of the predecessor of the present statute (General Statutes § 7949) which was to give a court of law the powers of a court of equity in compelling a disclosure. *Downie v. Nettleton,* 61 Conn. 593, 596. There is nothing in the present statute indicating a legislative intention to narrow the right to a disclosure. Multiplicity of suits is not to be needlessly encouraged. *Veits v. Hartford,* 134 Conn. 428, 436. The decision in *Travelers Bank & Trust Co. v. Furlong,* 14 Conn. Sup. 146, determines nothing contrary to this conclusion.

The phrase "cause of action" is broad enough to embrace "the facts forming the basis upon which the plaintiff claims [not a right to nominal damages, but] relief. . . ." *Veits v. Hartford,* supra, 434.

This second claim is without merit.

It follows that the plaintiff's motion for disclosure should be granted as to paragraphs one through five, both inclusive, of the motion for disclosure.

The balance of the motion is denied.