[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The defendant's Motion to Strike dated November 5, 1992 is granted. The plaintiff's complaint does not state a valid and legal cause of action. Private citizens as between themselves, absent some compelling requirement as to notice are not required to give notice of their intention to sue nor may they be required to indicate their intention to bring suit.
Further, the court is not at all persuaded that the CT Page 848 plaintiffs complaint is a Bill of Discovery, assertable in equity. "The plaintiffs right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action. It does not enable him to pry in the defendant's case, or find out the evidence by which that case will be supported." Downie v. Nettleton, 61 Conn. 593 at 596. (cited in Peyton v. Werhane,126 Conn. 382 at 389 1940.) Here there is no other action or ancillary action pending.
To sustain a pure bill of discovery, a party must show that the matter he seeks to discover is material and necessary to the proof of, or is needed to aid in the proof of, another action, already brought or about to be brought, and that he has no other adequate means of enforcing discovery of the matter. 3 Story, Equity Jurisprudence (14th Ed. 1930, 1943) (cited in Pottetti v. Clifford, 146 Conn. 252 at 258, 1959.)
A petitioner in a pure bill of discovery must show that he has stated a valid cause of action for the equitable relief in support of which he seeks to invoke the equitable powers of the court for a discovery.
The court also observes that the plaintiff has cited three Conn. Report cases in which they are cases involving valid causes of action pending. Such is not the instant case.
JOHN W. MORAN, JUDGE